1  David P. Beitchman, SBN 198953
   dbeitchman@bzlegal.com
2  Andre Boniadi, SBN 266412
   aboniadi@bzlegal.com
3  **BEITCHMAN & ZEKIAN, P.C.**
   16130 Ventura Blvd., Suite 570
4  Encino, California, 91436
   Telephone: (818) 986-9100
5  Facsimile:  (818) 986-9119

6  Attorneys for Defendant JAMES EARL EBY

7

8                    **UNITED STATES DISTRICT COURT**

9          **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO**

10
   GEORGINA R. DUGGS, Individually and as        | **Case No.:    3:14-cv-03734-RS**
11 Trustee of the EDWARD & GEORGINA
   DUGGS LIVING TRUST; ZANE DUGGS              | **DEFENDANT'S NOTICE OF MOTION**
12 and GEMMA DUGGS, minors, by                  | **AND MOTION TO DISMISS PLAINTIFFS'**
   GEORGINA R. DUGGS, their natural             | **COMPLAINT FOR FAILURE TO STATE A**
13 guardian                                      | **CLAIM; MEMORANDUM OF POINTS**
                                                 | **AND AUTHORITIES**
14
              Plaintiffs,                         | **[DEMAND FOR JURY TRIAL]**
15
16            vs.
                                                 | Date:         November 13, 2014
17 JAMES EARL EBY,                               | Time:         1:30 p.m.
                                                 | Courtroom:  "3"
18            Defendant.
19
20                                               | Action Filed: April 30, 2014
21
22 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23        PLEASE TAKE NOTICE THAT on November 13, 2014 at 1:30 p.m., in Courtroom "3"

24 of the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, California 94102,

25 the Honorable Richard Seeborg presiding, Defendant JAMES EARL EBY ("Defendant") will and

26 hereby does move to dismiss the Complaint of Plaintiffs pursuant to Federal Rules of Civil

27 Procedure Rule 12(b)(6) on the ground that the Complaint fails to allege facts sufficient to state a

28 claim for relief.

---

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM**

1         This Motion is based upon this Notice, the attached Memorandum of Points and

2    Authorities, arguments of counsel, all papers on file in this action, and on such other matters as

3    may be presented at the time of hearing on the instant motion

4

5

6

7    DATED: September 10, 2014                 **BEITCHMAN & ZEKIAN, P.C.**

8

9                                             By_____/s/ Andre Boniadi_____
                                                      David P. Beitchman
10                                                    Andre Boniadi
                                                      *Attorneys for Defendant*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

1    **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR**
     **FAILURE TO STATE A CLAIM**

1

**TABLE OF CONTENTS**

2       I.      INTRODUCTION ................................................................................................... 1

3       II.     LEGAL ARGUMENT ........................................................................................... 2

4               A.  This Court Must Dismiss all of Plaintiffs' Claims on the Grounds
5                   that Plaintiffs Lack Standing to Sue the Defendant for Alleged
                    Wrongs Committed Against the Decedent .................................................. 3
6
7                       1.  Plaintiffs Are Not Parties to the Proposal Agreement and Thus Have
                            No Rights to Assert Contractual Claims Derived Thereunder ......................... 4
8
9                       2.  Plaintiffs are *former beneficiaries* of the Decedent's Life Insurance
                            Policy with a Mere Expectancy Interest and Thus Have No Standing
10                          to Challenge the Beneficiary Designation ......................................................... 5

11                      3.  Only the Personal Representative May Bring Claims on Behalf of
                            the Decedent, thus Barring Plaintiffs From Making any Claims that
12                          the Decedent was Defrauded or otherwise Harmed by the Wrongful
13                          Conduct of the Defendant .............................................................................. 8

14              B.  Because the Gravamen of Plaintiffs' Entire Complaint Rests Upon the
                    Alleged Fraudulent Conduct of the Defendant (i.e. fraudulently inducing
15                  the Decedent to Sell his $1.5 Million Death Benefit for $250,000), Failure
                    to Maintain a Valid Cause of Action for Fraud Essentially Defeats
16                  Plaintiffs' Remaining Claims Which Are Based Upon the Alleged Fraud ............. 9
17
18                      1.  Decedent's Change of Beneficiary and Corresponding Proposal
                            Agreement are Not Subject to the Statutory Provisions of the Life
19                          Settlement Act as codified under the California Insurance Code .................... 9

20                      2.  Plaintiffs' Common Law Fraud Claim Equally Fails on the Merits ............... 12

21
22      III.    CONCLUSION ..................................................................................................... 15

23

24

25

26

27

28

**TABLE OF CONTENTS AND TABLE OF AUTHORITIES**

1

# TABLE OF AUTHORITIES

2

<u>STATE CASES</u>

3

*Carroll v. Dungey* (1963)
4
   223 Cal.App.2d 247 ................................................................................................... 15

5

*Committee on Children's Television, Inc. v. General Foods Corp.* (1983)
6
   35 Cal.3d 197 ......................................................................................................... 12

7

*Hannon v. Madden* (1931)
8
   214 Cal. 251 ............................................................................................................ 12

9

*McEwen v. New York Life Ins. Co.* (1914)
   23 Cal.App. 694 ....................................................................................................... 5
10

11

*Mercer v. Elliot* (1962)
   208 Cal.App.2d 275 ............................................................................................... 13

12

*New York Life Ins. Co. v. Dunn* (1920)
13
   46 Cal.App. 203 ................................................................................................ 5, 6, 7

14

*Saks v. Damon Raike & Co.* (1992)
15
   7 Cal.App.4th 419 .................................................................................................... 7

16

*Scafidi v. Western Loan & Bldg. Co.* (1946)
17
   72 Cal.App.2d 550 ................................................................................................. 12

18

*Schauer v. Mandarin Gems of California, Inc.* (2005)
   125 Cal.App.4th 949 ................................................................................................ 4
19

20

*Waring v. Wilcox* (1908)
   8 Cal.App. 317 ...................................................................................................... 5, 6

21

22

<u>FEDERAL CASES</u>

23

*Ashcroft v. Iqbal* (2009)
24
   556 U.S. 662 .......................................................................................................... 2, 3

25

*Balistreri v. Pacifica Police Dept.* (9th Cir. 1988)
26
   901 F.2d 696 ............................................................................................................ 2

27

*Bell Atl. Corp. v. Twombly* (2007)
28
   550 U.S. 544 ............................................................................................................ 2

*Calderon v. Ashmus* (1998)
   523 US 740 .............................................................................................................. 4

**TABLE OF CONTENTS AND TABLE OF AUTHORITIES**

*Durning v. First Boston Corp.* (9th Cir. 1987)
815 F.2d 1265 .......................................................................................................... 3, 15

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.* (9th Cir. 1990)
896 F.2d 1542 ................................................................................................................. 3

*Maryland Cas. Co. v. Pacific Coal & Oil Co.* (1941)
312 US 270 ...................................................................................................................... 4

*U-Haul Int'l, Inc. v. Jartran, Inc.* (9th Cir. 1986)
793 F.2d 1034 ................................................................................................................. 3


**STATE STATUTES**

California Civil Code,
§1689 ............................................................................................................................... 4

California Insurance Code,
§1631 ............................................................................................................................... 9
§10113.1 ................................................................................................. 9, 10, 11, 12, 14
§10113.2 ............................................................................................................. 9, 10, 14
§10113.3 ............................................................................................................. 9, 10, 14
§10170(e) ............................................................................................................... 5, 7, 15

California Probate Code,
§377.30 ............................................................................................................................ 8
§8500(a) .......................................................................................................................... 8


**FEDERAL STATUTES**

Federal Rules of Civil Procedure,
Rule 9(b) .................................................................................................................... 1, 12
Rule 12(b)(6) .................................................................................................................... 2
Rule 17(a)(1) .................................................................................................................... 3

**TABLE OF CONTENTS AND TABLE OF AUTHORITIES**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### INTRODUCTION

This matter arises from Plaintiff Georgina's desire to receive a $1.5 Million in life insurance proceeds for a life insurance policy on the life of her ex-husband to which Plaintiffs are neither owners nor beneficiaries, and have no vested interest in.  Georgina's seven tenuous claims are all essentially based upon the baseless allegation that Defendant fraudulently influenced her ex-husband to enter into a "life settlement contract" (Exhibit "A" to Plaintiffs' Complaint) in exchange for a beneficiary change resulting in the removal of the original beneficiary, the Trust of which Plaintiff Georgina is a trustee.  Georgina's claims also premised on the unwarranted assumption that but for the alleged "life settlement contract," the Trust would have otherwise received the $1.5 Million Policy death benefit upon the death of her ex-husband.

However, as detailed below, Plaintiffs' claims in this regard are barred by the simple fact that Plaintiffs have no legal standing to bring any of their claims against Defendant, the undisputed "personal representative" of the Decedent's estate who possesses the statutory right to bring claims on behalf of the Decedent.  Even assuming, *arguendo*, that Plaintiffs did have standing, their underlying claims fail to set forth facts sufficient to sustain any of their seven (7) causes of action.  More specifically, Plaintiffs base their claims for Declaratory Relief, Financial Abuse of a Dependent Adult, Breach of Fiduciary Duty, Rescission, Unfair Competition and imposition of a Constructive Trust upon the notion that Defendant committed statutory and common law fraud against the Decedent.  Indeed, the gravamen of Plaintiffs' Complaint as clearly demonstrated by the factual allegations is based in fraud. (*See* Complaint, ¶¶ 21-62).

In that respect, Plaintiffs have failed to meet the strict burden imposed by Rule 9(b) of the Federal Rules of Civil Procedure, which requires particularity in pleading the "circumstances constituting fraud."  First, to support the contention that Defendant committed fraud in connection

-1-

1    with the purchase and sale agreement (the "Proposal") involving the sale of the beneficial interest

2    in the Decedent's life insurance policy to Defendant, Plaintiffs rely upon various sections of the

3    California Insurance Code.  However, as more fully explained below, Plaintiffs' application of the

4    California Insurance Code as it relates to the sale of life insurance policies is wholly misplaced.

5
     Second, to support their claim that Defendant committed common law fraud against the Decedent,
6
     Plaintiffs utterly fail to set forth any facts upon which to sustain a claim for fraud against the
7
8    Defendant.

9         For the reasons set forth herein, Plaintiffs' Complaint is deficient and the instant Motion to

10   Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted.

11
                                           **II.**
12
                                   **LEGAL ARGUMENT**
13

14        Dismissal under FRCP 12(b)(6) for failure to state a claim "can be based on the lack of a

15   cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

16
     *Balistreri v. Pacifica Police Dept.* (9th Cir. 1988) 901 F.2d 696, 699.  Thus, a motion to dismiss
17
     should be granted if a plaintiff fails to plead enough "factual content to allow a court to draw the
18

19   reasonable inference that the defendant is liable for the alleged" misconduct; facts merely

20   consistent with a defendant's liability are not sufficient. *Ashcroft v. Iqbal* (2009) 556 U.S. 662,

21   678 (citing *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 556-557).

22
          To that end, in order for a complaint to survive a 12(b)(6) motion, it must state a claim for
23
24   relief that is plausible on its facts. *Ashcroft v. Iqbal* (2009) 556 U.S. 662.  A claim for relief is

25   facially plausible when the plaintiff pleads enough facts, take as true, to allow a court to draw a

26   reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 678.  If the facts

27   only allow a court to draw a reasonable inference that the defendant is *possibly* liable, then the
28
     complaint must be dismissed. *Id.*  Moreover, mere legal conclusions are not to be accepted as true

-2-

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM**

1    and do not establish a plausible claim for relief. *Id.* Determining whether a complaint states a

2    plausible claim for relief will be a context-specific task requiring the court to draw on its judicial

3    experience and common sense. *Id.* at 679.

4           Moreover, material properly submitted with the complaint may be considered as part of the

5    complaint for purposes of a Rule 12(b)(6) motion to dismiss. *Hal Roach Studios, Inc. v. Richard*

6
     *Feiner & Co., Inc.* (9th Cir. 1990) 896 F.2d 1542, 1555.  Indeed, the court may disregard
7

8    allegations in the complaint if contradicted by facts established by reference to documents

9    attached as exhibits to the complaint. *See Durning v. First Boston Corp.* (9th Cir. 1987) 815 F.2d

10   1265, 1267.

11
           **A.    This Court Must Dismiss all of Plaintiffs' Claims on the Grounds that Plaintiffs**
12              **Lack Standing to Sue the Defendant for Alleged Wrongs Committed Against the**
                **Decedent**
13

14          Plaintiffs must be the "real party in interest" with respect to the claims sued upon.  *See*

15   F.R.C.P. 17(a)(1) ("[a]n action must be prosecuted in the name of the real party in interest").  The

16
     "real party in interest" is the person who has the right to sue under the <u>substantive law</u>.  In general,
17

18   it is the person holding title to the claim or property involved, as opposed to others who may be

19   interested in or benefit by the litigation.  *U-Haul Int'l, Inc. v. Jartran, Inc.* (9th Cir. 1986) 793 F.2d

20   1034, 1038.

21          For the following reasons, Plaintiffs have absolutely no right to bring an action to unwind

22
     the underlying Proposal agreement (Exhibit "A" to Plaintiffs' Complaint), to maintain claims on
23

24   behalf of the Decedent, or otherwise seek entitlement to the death benefit of the Policy.

25          (1)    Plaintiffs are not parties to the Proposal between the Decedent and the Defendant,

26          (2)    Plaintiffs are the *former beneficiaries* of the Policy and have no present interest in
                   the proceeds of the death benefit, and
27

28          (3)    Only the "personal representative" of the Decedent can bring claims on behalf of the
                   Decedent.

-3-

### 1) **Plaintiffs Are Not Parties to the Proposal Agreement and Thus Have No Rights to Assert Contractual Claims Derived Thereunder**

There is no dispute that the Proposal agreement resulting in the change in beneficiary of the Decedent's life insurance policy was entered into only between Defendant and the Decedent. (Complaint, 5:21-22).  As such, Plaintiffs have no right to assert claims seeking a determination of the rights of the contracting parties to the Proposal agreement, including Plaintiffs claims for Declaratory Relief and/or Rescission.

It is axiomatic that the party seeking declaratory relief must show 1) an actual controversy 2) regarding a matter within federal court subject matter jurisdiction.  *See Calderon v. Ashmus* (1998) 523 US 740, 745.  The question is whether there is a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Maryland Cas. Co. v. Pacific Coal & Oil Co.* (1941) 312 US 270, 273.

Similarly, in order to establish a cause of action for a rescission, there must be an election to rescind by the party who has that right. *See generally,* California Civil Code §1689; *see also Schauer v. Mandarin Gems of California, Inc.* (2005) 125 Cal.App.4th 949 (a rescission remedy is unavailable to a third-party beneficiary of a contract).

Here, Plaintiffs have failed to show actual controversy as it relates to the underlying Proposal agreement.  By way of their Complaint, Plaintiffs pray that this Court declare the rights and obligations of *other parties to a contract* (not her own) and to rescind a contract *to which she is not a party*.  Accordingly, Plaintiffs' claims in this regard fail as a matter of law.

/ / /

/ / /

/ / /

-4-

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM**

2) **Plaintiffs are *former beneficiaries* of the Decedent's Life Insurance Policy with a Mere Expectancy Interest and Thus Have No Standing to Challenge the Beneficiary Designation**

At best, Plaintiffs had a mere *expectancy interest*, not a vested interest, in the death benefit proceeds of the Decedent's life insurance policy, and thus have no standing to challenge the validity of the beneficiary change.

Under the substantive law in California, Plaintiffs are not real party in interest.  California law has not recognized the right of a former beneficiary to attack a change of beneficiary by the insured because such former beneficiary has an interest that is a mere expectancy, an interest which does not vest until fixed by death of the insured.  *New York Life Ins. Co. v. Dunn* (1920) 46 Cal.App. 203; *Waring v. Wilcox* (1908) 8 Cal.App. 317.  Where a policy of life insurance reserves to the insured the right to change the beneficiary, upon written request therefor, the interest of the designated beneficiary prior to the death of the insured is that of a mere expectancy of an uncompleted gift, subject to revocation at the will of the insured.  *McEwen v. New York Life Ins. Co.* (1914) 23 Cal.App. 694, 699.   In fact, pursuant to California Insurance Code §10170(e), "[a]ny agreement may be rescinded or amended by the parties to the agreement without the consent of any designated beneficiary unless the rights of any beneficiary have been expressly declared to be irrevocable." (Emphasis added).

Facts in *New York Life Ins. Co. v. Dunn*, and the application of the above code section, are illustrative.  In *Dunn*, an insured took out a life insurance policy in the New York Life Insurance Company, naming his wife beneficiary thereunder.  Under the terms of the policy, the insured had the right to change the beneficiary named therein.  During his lifetime, the insured directed that a third party be named as a beneficiary of the policy and the requested change was made.  The insured died and the wife notified the insurance company that she was still the beneficiary named in the policy claiming that any change in beneficiary was exercised and induced by fraud and

-5-

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM**

undue influence of the third party who was the named beneficiary at the time of the insured's

death. *New York Life Ins. Co., supra*, 46 Cal.App. at 205.

In its ruling, *Dunn* court explained that "under the state of facts pleaded by the wife and

upon which she elected to stand, <u>no cause of action existed in her favor, she having no vested right</u>

in the premises, but at most, only the mere expectancy of an incomplete gift, revocable at the will

of the insured." *Id*. at 205 (emphasis added); *see also Waring*, *supra*, 8 Cal.App. at 317.  Based on

this analysis, *Dunn* Court subsequently affirmed the decision of the trial court in dismissing the

wife's complaint in its entirety.  *New York Life Ins. Co. v. Dunn*, supra, 46 Cal. App. at 205.

Facts in this case are nearly identical to the facts in *Dunn*.  Here, Plaintiffs allege, *inter*

*alia*, that:

- In approximately July of 2010, Decedent purchased the MetLife Life Insurance Policy with death benefit coverage of $1.5 Million, making the TRUST the beneficiary of the Policy. (Complaint, ¶16).

- Defendant EBY then arranged to change the beneficiary of the Policy to himself from the TRUST, which was then the beneficiary. The entire negotiation, purchase/sale and beneficiary transfer was executed, witnessed by and known only to Defendant EBY and Decedent, alone. Plaintiffs were not made aware of this transaction until immediately before Decedent's death. (Complaint, ¶21);

- Plaintiffs are informed and believe that in January of 2014, MetLife paid out the Policy death benefits of $1.5 Million to Defendant EBY as beneficiary due to the attempted Life Settlement. (Complaint, ¶24).

In short, the Decedent changed the beneficiary of the Policy during his life time and the

change was properly made.  Upon the death of the Decedent, the insured paid out the death benefit

proceeds to the named beneficiary, the Defendant. Although Plaintiffs manipulatively allege that

Defendant "arranged to change the beneficiary of the Policy," by virtue of every life insurance

policy terms, only the insured is authorized to change a beneficiary.  Plaintiffs did not allege any

facts proving the unconventional circumstance under which the insurer, MetLife Insurance

Company, would have allowed Defendant, a non-insured, to request a beneficiary change. Indeed,

-6-

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM**

1    as evidenced by MetLife's death benefit payout to Defendant upon the death of Decedent, the

2    beneficiary change was in fact properly effectuated and confirmed. (Complaint, ¶24).  Thus, there

3    is absolutely no facts proffered by Plaintiffs that the beneficiary change was unlawful or otherwise

4    invalid.

5
        Similar to the wife in *Dunn*, Plaintiffs lack standing as *former beneficiaries*, to challenge

6
     the beneficiary change validly made by the insured during his lifetime.  The Trust does not have,

7
     and never had, a vested interest in the Policy death benefit, but only *mere expectancy* of an

8

9    incomplete interest, revocable at the will of the insured, which in fact is what happened here. *See*

10   *Dunn, supra*, 46 Cal.App. at 205.  More importantly, Plaintiffs' Complaint is devoid of any

11
     allegation that the designation of the Trust as the original beneficiary is "irrevocable." *See*

12
     California Insurance Code §10170(e) ("Any agreement may be rescinded or amended by the

13
     parties to the agreement without the consent of any designated beneficiary unless the rights of any

14

15   beneficiary have been expressly declared to be irrevocable).

16
        Moreover, Georgina also cannot show her right to bring a claim as a natural guardian of

17
     ZANE DUGGS and GEMMA DUGGS, her minor children, beneficiaries of the Trust.  As

18
     explained above, the Trust has no vested right in the Policy as a former beneficiary.  Even if the

19

20   Trust had any vested interest, <u>the beneficiary of a trust generally is not the real party in interest on</u>

21   <u>claims belonging to the trust and may not sue in the name of the trust</u>.  *See Saks v. Damon Raike &*

22   *Co.* (1992) 7 Cal.App.4th 419, 427.  This law has been consistently held in California.

23
        Based upon the foregoing, Plaintiffs are not the real parties in interest as it relates to this

24
     case and therefore cannot bring a claim in connection with the Policy against Defendant.

25

26   / / /

27   / / /

28   / / /

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM**

**3) Only the Personal Representative May Bring Claims on Behalf of the Decedent, thus Barring Plaintiffs From Making any Claims that the Decedent was Defrauded or otherwise Harmed by the Wrongful Conduct of the Defendant**

In Paragraph 15 of their Complaint, Plaintiffs admit that the Defendant "was also made executor of Decedent's estate, power of attorney and health care power of attorney in fact advocate . . ." To that end, Plaintiffs have no right to bring their claims against the Defendant on behalf of the Decedent. In other words, because the gravamen of Plaintiffs' entire action is based upon the notion that Decedent was fraudulently induced by Defendant to transfer the beneficial interest of the Decedent's life insurance policy (i.e. all of the alleged misrepresentations were made to the Decedent upon which the Decedent purportedly acted upon), Plaintiffs have no legal grounds upon which to seek redress for the harm and/or the wrong that was allegedly committed against the Decedent.

Indeed, California Probate Code section 377.30 specifically states that "[a] cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest . . . and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." As noted above, Plaintiffs acknowledge that the Defendant is the personal representative of the Defendant, and has been for quite some time. Thus, the sole remedy available to Plaintiffs is to seek a removal of the personal representative in order to bring any claims on behalf of the Decedent. In fact, California Probate Code section 8500(a) specifically provides a means by which this can be achieved. Namely, said section provides that "[a]ny interested person may petition for removal of the personal representative from office. A petition for removal may be combined with a petition for appointment of a successor personal representative . . ." Plaintiffs have failed to follow the proper procedure prior to bringing this action altogether.

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM**

1

**B.     Because the Gravamen of Plaintiffs' Entire Complaint Rests Upon the Alleged Fraudulent Conduct of the Defendant (i.e. fraudulently inducing the Decedent to Sell his $1.5 Million Death Benefit for $250,000), Failure to Maintain a Valid Cause of Action for Fraud Essentially Defeats Plaintiffs' Remaining Claims Which Are Based Upon the Alleged Fraud**

2

3

4

5        Without Plaintiffs' allegations that Defendant committed statutory and/or common law

6   fraud against the Decedent thereby resulting in the transfer of the beneficial interest in the

7   Decedent's life insurance policy, the remaining claims of the Complaint will have "no legs to

8   stand on."

9

10        Thus, assuming that Plaintiffs have standing to bring their claims against the Defendant,

11  Plaintiffs are required to set forth sufficient grounds upon which to base a claim in fraud.  In order

12  to support their fraud claim, Plaintiffs rely heavily upon Sections of the California Insurance Code

13  in reaching the conclusion that Defendant committed statutory fraud.  Plaintiffs further allege that

14  Defendants' conduct as set forth in the Complaint amounts to common law fraud.  Both of these

15  propositions lack merit.

16

17        **1)   Decedent's Change of Beneficiary and Corresponding Proposal Agreement are Not Subject to the Statutory Provisions of the Life Settlement Act as codified under the California Insurance Code**

18

19

20        By way of their Complaint, Plaintiffs allege that the terms of the Proposal agreement

21  between Defendant and the Decedent is in violation of Sections 1631, 10113.1, 10113.2, and

22  10113.3, thus constituting a fraudulent life settlement act.  In particular, Plaintiffs base their

23  contention based upon the following allegations:

24        (1)     Defendant and the Decedent failed to secure the proper license or legal authority to

25  effectuate the transfer of the beneficial interest in the life insurance policy when entering into the

26

27  Proposal (Complaint, ¶¶ 10, 11, 26-30);

28        (2)     Defendant never made any of the required disclosures prior to the sale of the

Decedent's policy (Complaint, ¶¶ 31, 32);

-9-

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM

1    (3)    The broker disclosures were never made to the Decedent before or during the time

2    of the execution of the Proposal agreement (Complaint, ¶¶ 33, 34);

3    (4)    Defendant failed to comply with statutory Insurance Code requirements where the

4    insured is terminally ill at the time of the life settlement (Complaint, ¶¶ 35-46);

5    (5)    Defendant failed to provide the proper notice requirements required by law

6    (Complaint, ¶¶ 47, 48);

7

8    (6)    Defendant failed to comply with various other requirements as prescribed under

9    said Sections of the California Insurance Code (Complaint, ¶¶ 49-62).

10    However, Plaintiffs' above propositions are entirely misplaced.  Sections 10113.1, 10113.2

11    and 10113.3 of the California Insurance Code were specifically designed to protect against fraud

12    in connection with "**life settlement contracts**."  Indeed, all three sections begin with the notation

13    that said sections relate to life settlement contracts.  Pursuant to Section 10113.1(k) of the

14

15    California Insurance Code, the term "life settlement contract" means:

16    "a written agreement solicited, negotiated, or entered into in this state between a
17    **provider** and an **owner**, establishing the terms under which compensation or any
     thing of value will be paid, which compensation or thing of value is less than the
18    expected death benefit of the insurance policy or certificate, in return for the
     owner's assignment, transfer, sale, devise, or bequest of the death benefit or any
19    portion of an insurance policy or certificate of insurance for compensation,
20    provided, however, that the minimum value for a life settlement contract shall be
     greater than a cash surrender value or accelerated death benefit available at the time
21    of an application for a life settlement contract."

22    California Insurance Code §10113.1(k) (emphasis added).
23

24    In other words, to fall under the meaning of "life settlement contracts" for purposes of

25    Sections 10113.1-10113.3, there must be a written agreement ". . . between a provider and an

26    owner . . ." *See Id.*  Plaintiffs *attempt* to define a "provider" in Paragraph 37 of the Complaint, but

27    in doing so, fail to acknowledge Section 10113.1(r)(4), which specifically states that "a provider

28    does not include any of the following: . . . **a purchaser**." (Emphasis added).  Respectively,

-10-

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM**

Section 10113.1(s) defines "purchaser" as a "person who pays compensation or anything of value as consideration . . . for the assignment, transfer, or sale of, an ownership or other interest in a life insurance policy . . ."

Here, as detailed above, while there are countless reasons to explain the Decedent's motivations to transfer the beneficial interest in his own life insurance policy to Defendant (i.e. decades old friendship wherein the Defendant personally cared for the Decedent during the years prior to his death), the express terms of the Proposal (attached as Exhibit A to Plaintiffs' Complaint) specifically state that the Decedent "will sell [his] life insurance policy to an individual or a company in exchange for cash."

Moreover, said Proposal provides that Defendant will purchase the full death benefit value of $1,500,000 in exchange for $250,000 in payments to a separate trust created by the Decedent, which specifically names his minor children but excludes Georgina. Furthermore, the Proposal provides that Defendant will make all monthly premiums on the Policy. There is absolutely no facts to suggest that Defendant was doing anything other than simply "purchasing" a beneficial interest in the Decedent's policy. There is no mention of a "loan," a "premium finance," or anything else to suggest that Defendant was acting as a "provider" within the meaning of Section 10113.1(k) or 10113.1(r)(4). Defendant was merely purchasing the rights to the $1,500,000 death benefit on the Decedent's life, and in fact made the required $250,000 in payments. Indeed, Plaintiffs acknowledge that Defendant did in fact pay the total $250,000 purchase price stated in the Proposal agreement. (Complaint, ¶¶ 22, 25). As such, because he is a "purchaser," he is not a "provider." Because he is not a "provider," there can be no showing by any stretch of the imagination that the transaction between the Decedent and the Defendant was a "life settlement contract" as defined under said code sections. Despite the same, Plaintiffs claim that Defendant violated the provision of the above code sections because the Defendant and the Decedent "were

-11-

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM**

1  not a licensed 'Life Settlement Provider' at the time of the attempted 'sale' of the Policy to

2  Defendant." (Complaint, ¶27).

3      Accordingly, the Proposal and corresponding change in beneficiary falls outside the

4  purview of the code sections cited and relied upon by Plaintiffs.  In essence, there can be no

5
6  showing of a "fraudulent life settlement" as statutorily governed under the California Insurance

7  Code, since the same presumes the existence of a "life settlement contract." *See* California

8  Insurance Code §§ 10113.1(g)(2)(C), 10113.1(c).

9      Based upon the foregoing, even if Plaintiffs do have standing in that they are the "real

10  parties in interest," the proposition that Defendant can be held liable under the cited provisions of

11
12  the California Insurance Code is wholly misplaced.

13      **2)  Plaintiffs' Common Law Fraud Claim Equally Fails on the Merits**

14      Once again, assuming that Plaintiffs have the requisite standing to bring this action, and

15  discounting the statutory fraud claims against the Defendant, Plaintiffs' Complaint falls far short

16
17  of the heightened pleading standard imposed by Rule 9(b) of the Federal Rules of Civil Procedure.

18      In pleading fraud by intentional misrepresentation and/or concealment, it is essential that

19  the facts and circumstances constituting the fraud be set out clearly, concisely, and with sufficient

20  particularity to apprise the opposite party of what he or she is called on to answer and to enable the

21  court to determine if, on the facts pleaded, there is any foundation, prima facie at least, for the

22
23  charge of fraud. *Hannon v. Madden* (1931) 214 Cal. 251, 267-268; *Scafidi v. Western Loan &*

24  *Bldg.* Co. (1946) 72 Cal.App.2d 550, 553.  The traditional rule is that fraud actions are subject to a

25  stricter pleading standard because they involve a serious attack on a defendant's character. Federal

26  Rules of Civil Procedure, Rule 9(b); *see also, Committee on Children's Television, Inc. v. General*

27  *Foods Corp.* (1983) 35 Cal.3d 197, 216.  Thus, in order to be sufficient, a complaint must contain

28  a statement of facts which, without the aid of other conjectured facts not stated, shows a complete

-12-

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM**

1  cause of action.

2      In this regard, a complaint based upon an allegation of misrepresentation must allege

3  specific facts showing that: (1) representations of material facts were made and/or concealed by

4  defendant; (2) the representations were not true; (3) defendant either did not believe them to be

5

6  true, or knew them to be false, at the time the representations were made; (4) defendant intended

7  to induce action or conduct by the plaintiff; (5) plaintiff justifiably acted in reliance upon the

8  representations; and (6) plaintiff sustained damage as a proximate result thereof. *Mercer v. Elliot*

9  (1962) 208 Cal.App.2d 275, 278.  Absence of any one of the above-referenced elements renders

10  the pleading defective and insufficient to state a cause of action. *Id.*

11

12      Upon a cursory review of Plaintiffs' Complaint, it is readily apparent that Plaintiffs' claim

13  for fraud fails to meet these standards.  Specifically, Plaintiffs' base their common law fraud claim

14  upon the following factual allegations:

15      (1)     "EBY intentionally misrepresented to Decedent the legal requirements noted herein
16  to form a proper and legitimate sale of the Policy via a life settlement or concealed such
   requirements from Decedent" (Complaint, ¶74);

17

18      (2)     "Further EBY, among the other misrepresentations described herein,
   misrepresented that the sale of the Policy would be to their financial benefit, would not be a
19  financial detriment to them, would have no adverse financial consequences, and was for their
   financial betterment, as is more fully described herein" (Complaint, ¶74);

20

21      (3)     "Moreover, EBY concealed from Plaintiffs the true financial circumstances and
   other disadvantages to Decedent and Plaintiffs if the Policy with death benefits valued at $1.5
22  Million was sold to EBY for a mere $250,000" (Complaint, ¶74);

23      (4)     "Additionally, EBY concealed the fact that Decedent must be of a sound mind to
24  enter into the transaction, that certain forms and other disclosures were necessary under the
   Insurance Code as described herein, and that Decedent must be evaluated by a physician prior to
25  entering into the Life Settlement" (Complaint, ¶74);

26      (5)     Defendant "concealed the Life Settlement from Decedent's financial advisor(s),
27  Decedent's spouse, Plaintiff GEORGINA, and all other close relatives and friends from the details
   of the improper, illegitimate and illegal Life Settlement . . ." (Complaint, ¶75).

28

-13-
**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM**

1    As an initial matter, Plaintiffs cannot possibly satisfy the first element necessary to sustain

2  a claim for fraud since none of the alleged misrepresentations were made to any of the Plaintiffs.

3  In fact, Plaintiffs quite candidly admit that all representations and/or communications involving

4  the Proposal agreement involved the Decedent and the Defendant only. (Complaint, ¶21).

5  Nevertheless, even assuming that such representations were made to Plaintiffs and/or Plaintiffs

6  were aware and relied upon the same, such representations are insufficient to support a finding of

7

8  fraud.

9    Given that the preceding analysis establishes that the Proposal agreement falls outside the

10  purview of the statutory requirements under Sections 10113.1, 10113.2 and 10113.3, Defendant

11  could not possibly have made any misstatements regarding any such legal requirements since they

12

13  simply do not apply.

14    As to the second, third and fourth alleged misrepresentations, the terms of the Proposal

15  agreement specifically contradict the notion that Defendant induced the Decedent into believing

16  that the transfer of his life insurance policy would be in the Decedent's best interest.  To the

17

18  contrary, the Decedent clearly acknowledges in the Proposal agreement, "[p]repared by Edward

19  Lee Duggs, Jr." (*see* Exhibit "A" to Plaintiffs' Complaint, pg. 1), that "[a]s the policy owner, I will

20  sell my life insurance policy to an individual or company, in exchange for cash." (Exhibit "A" to

21  Plaintiffs' Complaint, pg. 3).  The Decedent further expressed in writing that "[t]he new owners

22  will keep the policy in force (by paying the premiums) and reap a significant ROI by receiving the

23

24  death benefit when I die." (Id.).

25    Indeed, the Proposal agreement contains several other representations clearly

26  demonstrating that the terms of the deal were not necessarily beneficial to the Decedent from a

27  comparison between the purchase price of $250,000 compared with $1.5 million.  Thus, to suggest

28
that Defendant induced the Decedent in believing that the Proposal agreement is contradicted by

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM**

1    the Proposal agreement which was prepared by the Decedent himself. *See Durning v. First Boston*

2    *Corp.* (9th Cir. 1987) 815 F.2d 1265, 1267 (the court may disregard allegations in the complaint if

3    contradicted by facts established by reference to documents attached as exhibits to the complaint);

4    *see also*, *Carroll v. Dungey* (1963) 223 Cal.App.2d 247 (there can be no finding of fraud if an

5    
6    independent investigation, if performed with reasonable diligence, would have exposed the true

7    facts).  Here, the simple terms of the Proposal agreement prepared and signed by the Decedent

8    clearly explain the entire transaction.

9            As to the fifth alleged misrepresentation, there is absolutely no legal duty which would

10   require that the Defendant inform other third parties of the terms of the Proposal agreement. *See*

11   
12   California Insurance Code §10170(e) ("[a]ny agreement may be rescinded or amended by the

13   parties to the agreement without the consent of any designated beneficiary unless the rights of any

14   beneficiary have been expressly declared to be irrevocable").

15           Accordingly, Plaintiffs have failed to set forth any additional facts which would give rise

16   to a fraud cause of action.

17                                              **III.**

18                                          **CONCLUSION**

19

20           For the reasons set forth in detail above, Defendant respectfully requests that this Court

21   summarily grant the instant motion to dismiss without leave to amend.

22

23   DATED: September 10, 2014                    **BEITCHMAN & ZEKIAN, P.C.**

24

25

26                                        By    /s/ Andre Boniadi
                                                 David P. Beitchman
27                                               Andre Boniadi
                                                 *Attorneys for Defendant*
28

-15-

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO STATE A CLAIM**