David P. Beitchman, SBN 198953
dbeitchman@bzlegal.com
Andre Boniadi, SBN 266412
aboniadi@bzlegal.com
**BEITCHMAN & ZEKIAN, P.C.**
16130 Ventura Blvd., Suite 570
Encino, California, 91436
Telephone: (818) 986-9100
Facsimile: (818) 986-9119

Attorneys for Defendant JAMES EARL EBY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| GEORGINA R. DUGGS, Individually and as Trustee of the EDWARD & GEORGINA DUGGS LIVING TRUST; ZANE DUGGS and GEMMA DUGGS, minors, by GEORGINA R. DUGGS, their natural guardian<br><br>Plaintiffs,<br><br>vs.<br><br>JAMES EARL EBY,<br><br>Defendant. | Case No.:  **3:14-cv-03734-RS**<br><br>**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT**<br><br>Date:  November 13, 2014<br>Time: 1:30 p.m.<br>Dept.: Courtroom 3, 17th Floor<br>Judge: The Honorable Richard G. Seeborg<br><br>Complaint Filed: August 18, 2014 |

Defendant JAMES EARL EBY ("Defendant") respectfully submit this reply brief in support of his Demurrer to the Complaint filed by plaintiff GOERGINA R. DUGGS, individually and as trustee of the EDWARD & GERGOINA DUGGS LIVING TRUST, and as natural guardian of ZANE DUGGS and GEMMA DUGGS ("Plaintiff").

///

///

///

-1-
**DEFENDANT'S REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY OR REPLY ..................................................... 2

II. LEGAL ARGUMENT ............................................................................................ 2

    A. Plaintiffs Continue to Fail to Demonstrate Their Standing to Bring Claims
       Against Defendant Through the Opposition ............................................................ 2

       1. Georgina does not have standing to challenge the beneficiary change
          because the Trust has never gained vested rights in the Policy ....................... 2

       2. Georgina, on behalf of the Trust, does not have standing to bring a
          claim for rescission of contract and/or declaratory relief and neither
          she nor the Trust is "vested beneficiary" ........................................................... 7

       3. Plaintiffs cannot maintain their claims for financial abuse to a dependent
          adult pursuant to Welfare & Institutions Code §15600, *et seq*. ........................ 8

    B. The Opposition Fails to Overcome the Fatal Deficiencies in the
       Fraud Cause of Action ............................................................................................ 11

       1. The Opposition fails to cure the fatal deficiency in common law
          fraud cause of action for lack of deceit ........................................................... 11

       2. Plaintiffs' statutory fraud claim against Defendant also must fail ................. 12

    C. Motion to Dismiss Properly Challenged the First, Third, Fourth, Sixth
       and Seventh Claims for Relief and Opposition Makes No Attempt to
       Address the Same ................................................................................................... 13

    D. No Amendment Can Cure the Deficiency of Plaintiffs' Claims and Thus,
       This Court Should Dismiss the Complaint Without Leave to Amend ................. 15

III. CONCLUSION ......................................................................................................... 15

**TABLE OF CONTENTS AND TABLE OF AUTHORITIES**

# TABLE OF AUTHORITIES

**STATE CASES**

*Block v. Tobin*, (1975)
   45 Cal. App. 3d 214, 219 .................................................................... 12

*Cicone v. URS Corp.* (1986)
   183 Cal. App. 3d 194 ................................................................... 11,12

*Cook v. Cook* (1941)
   17 Cal. 2d. 639 ................................................................................... 3

*Gagne v. Bertran*, (1954)
   43 Cal. 2d 481 .................................................................................. 11

*Laczko v. Jules Meyers, Inc.* (1969)
   276 Cal. App. 2d 293 ....................................................................... 12

*Lickter v. Lickter*, (2010)
   189 Cal. App. 4th 712 ............................................................. 9, 10,11

*New York Life Ins. Co. v. Dunn* (1920)
   46 Cal. App. 203 ............................................................................ 4, 5

*Orcutt v. Ferranini*, (1967)
   237 Cal. App. 2d 216 ...................................................................... 7, 8

*Waters v. Conselho Supreme* (1918)
   38 Cal. App. 360 ................................................................................ 5

*Wong v. Tenneco, Inc.* (1985)
   39 Cal. 3d 126 ................................................................................... 6

**FEDERAL CASES**

*Gerlinger v. Amazon.com, Inc*. (9th Cir. 2008)
   526 F.3d 1253 .................................................................................. 15

*Morongo Band of Mission Indians v. Calif. State Board of Equalization* (9th Cir.1988)
   858 F.2d 1376 .................................................................................. 15

*Stafford v. Mobil Oil Corp.* (5th Cir. 1991)
   945 F.2d 803 .................................................................................... 15

TABLE OF CONTENTS AND TABLE OF AUTHORITIES

**STATE STATUTES**

California Civil Code,
  §1709 ...................................................................................................................... 11
  §3399 ........................................................................................................................ 7

California Insurance Code,
  §10113.1 ................................................................................................................... 13
  §10113.3 (s) .............................................................................................................. 13

California Probate Code,
  §48(a) ....................................................................................................................... 10
  §377.30 ...................................................................................................................... 9

Welfare & Institutions Code,
  §15600 ................................................................................................................ 9, 14

**TABLE OF CONTENTS AND TABLE OF AUTHORITIES**

## I.   INTRODUCTION AND SUMMARY OR REPLY

Defendant filed a motion to dismiss (Motion) concerning all seven causes of action alleged in Plaintiffs' complaint (Complaint).

Recognizing the futility of Plaintiffs' claim, the Opposition is once again entirely based on the unwarranted and groundless assumption that the EDWARD & GEORGINA DUGGS LIVING TRUST (the "Trust") is a proper and intended beneficiary of the life insurance policy on the life of Edward Lee Duggs (the "Policy").

Defendant's Motion remains properly granted, on each and all of the following grounds:

- Plaintiffs' entire claim fails because the Opposition, like the Complaint, fails to establish Plaintiffs' standing to bring a claim against Defendant in connection with the Policy and Plaintiffs conceded that California Court does not allow a former beneficiary under a life insurance policy to maintain a claim against the substituted beneficiary because the former beneficiary's interest is a mere expectancy

- The fraud claim fails because the claim for relief is impermissibly vague and ambiguous and cannot meet the heightened pleading requirement of fraud cause of action under the federal pleading standard;

- Opposition does not adequately address the fatal defect in Plaintiffs' First, Third, Fourth, Fifth, Sixth and Seventh Causes of Action set forth in the Motion; and

- No amendment can cure Plaintiffs' lack of standing in this case, and thus, the Complaint should be dismissed without a leave to amend.

## II.   <u>LEGAL ARGUMENT</u>

### A.  Plaintiffs Continue to Fail to Demonstrate Their Standing to Bring Claims Against Defendant Through the Opposition

#### 1.  Georgina does not have standing to challenge the beneficiary change because the Trust has never gained vested rights in the Policy

In Opposition, Plaintiffs properly concede that California Court does not "allow a former beneficiary under a life insurance policy to maintain a claim against the substituted beneficiary because the former beneficiary's interest is considered a mere expectancy of an incomplete gift that is revocable at the will of the insured." (Opposition, 5:7 – 9).  Then, the

-2-

1  Opposition contends that "California has repeatedly allowed an exception for contingent

2  beneficiaries to maintain claims once their mere expectancy develops into a vested right," and

3  cites *Cook v. Cook* (1941) 17 Cal. 2d. 639, 646 ("in case of life insurance policies, the death of the

4  insured transforms a contingent beneficiary's mere expectancy in the life insurance proceeds into a

5  vested rights").   Despite Plaintiffs' purported "exception," supposedly demonstrated in *Cook*, the

6  case hardly discusses any exception to the well-established rule on the former beneficiaries, which

7

8  was set forth by the Motion and conceded by the Opposition.

9          The law that "death of the insured transforms a mere expectancy into a vested rights" is

10  neither an exception to the well-established rule nor applicable to the instant case.  Unlike the wife

11  of insured in *Cook*, who <u>was designated as the beneficiary</u> of the insured' life insurance, Plaintiffs

12

13  were <u>NOT the named beneficiary</u> of the Policy at the time of the insured's death.  The court in

14  *Cook* rules that the wife, who was a designated beneficiary of the life insurance policy at the death

15  of the insured, was not estopped from asserting that a provision of insured's will was ineffective to

16

17  change the beneficiary or that her right as beneficiary became vested on insured's death because

18  the insurer was not notified of the alleged transfer by will.  *Cook*, *supra*, 17 Cal. 2d 639.

19  Therefore, it is unclear what "exception" Plaintiffs were referring to in the Opposition that was

20  applicable to this case and was supported by *Cook*.  In any case, *Cook* court does not provide any

21  exception that would warrant Plaintiffs' standing in connection with the Policy, and thus, the

22

23  Opposition, just like the Complaint, fails to demonstrate Plaintiffs' standing to bring a claim

24  against Defendant.

25          Plaintiffs' interpretation of other cases are misguided as well.  Under the Section III, B,

26  1, i of the Opposition, Plaintiffs contend that "Eby cites *Dunn v. New York Life Insurance Co.* at

27  length to support his argument that the Trust lacks standing to bring a claim for fraud, statutory or

28  common law, against him…. But *Dunn* is distinguishable because the plaintiff in Dunn did not

**DEFENDANT'S REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

allege that the beneficiary change was procured through a legally void act." (Opposition, 6:3-7).

First, the Motion does not cite *Dunn* only for the purpose of demonstrating the Trust's lack of standing to bring a claim for fraud, statutory or common law.  Rather, the case was cited to support Plaintiffs' lack of standing to challenge the validity of the beneficiary change on which Plaintiffs base their entire claim. (Motion, 5:3 – 6).  Accordingly, the lack of standing issue supported by *Dunn* court does not only defeat the fraud causes of action, contrary to Plaintiffs' argument in the Opposition, but challenges Plaintiffs' entire claim.

Second, the facts in *Dunn* are not distinguishable to this case.  As discussed in detail in the Motion, the wife in *Dunn* challenges the validity of the beneficiary change, arguing that the change was induced by fraud and undue influence of the third party who was the named beneficiary at the time of the insured's death.  *New York Life Ins. Co. v. Dunn* (1920) 46 Cal. App. 203, 205; (Motion 5:27 – 6:2).  Plaintiffs manipulatively allege that "the plaintiff in *Dunn* did not allege the act necessitating the change under the Policy to be a nullity, something that would have given the beneficiary a vested right under the policy to sue for title to the insurance proceeds, which the Trust is pleading here."  (Opposition, 6:11 – 13) (Emphasis added).   However, such contention is inaccurate.  In fact, the wife in *Dunn*, just like Plaintiff Georgina in this case, alleged in her cross-complaint that the beneficiary changed was procured by fraud and undue influence. Specifically, the plaintiff in *Dunn* alleged:

> "Lilian S. Dunn (the wife in the case) filed her cross-complaint. She did not plead any contract with her deceased husband, or any special equities which would deprive him of the right to make a commutation of beneficiary in the insurance policy, but stood upon the ground that she might contest because the change was procured by fraud and undue influence. In that behalf she alleged the marriage of herself and Dunn; that up to the time of his death she continued to be his lawful wife, and that the policy of insurance was taken out as a protection, and source of provision for her, in the event of the death of her husband, and for her and such children as might be born to her and her husband; that May Cline Smith (the named beneficiary in the policy), by craftiness, flattery, coaxing, and other overt and sly ways and means, on the part of said May Cline Smith toward John T. Dunn (the insured), caused him to neglect his wife and daughter to the extent that said May Cline Smith became the mistress of said John T.

-4-

> Dunn; that she exercised her influence unduly over him to such a degree that, about the middle of March, 1916, he was not capable of acting freely and voluntarily; that, at that time, and because thereof, he attempted to cause the beneficiary named in said policy to be changed, that said act was exercised and induced by the fraud, and undue influence, of said May Cline Smith while she and Dunn were living together in adulterous relationship. *Dunn*, 46 Cal. App., *supra*, at 204.

Accordingly, Plaintiffs' argument that the plaintiff in *Dunn* did not allege the act necessitating the change under the Policy to be a nullity is incorrect.

Further, contrary to Plaintiffs' contention, the plaintiff in *Dunn* <u>did not</u> admit that the owner of the policy was of sound mind and had the mental capacity when he changed the named beneficiary but rather, just like Plaintiff Georgina, alleged in her complaint that the insured was not capable of acting freely and voluntarily and the change was exercised and induced by the fraud. It was <u>not until the trial</u>, where the plaintiff in *Dunn* admitted that her husband was of sound mind at the time of executing the change of beneficiary. *Id*. at 205. As such, the facts of the cases are nearly identical and the decision in *Dunn* is applicable to the case at hand. Despite the allegation of act necessitating the change to be a nullity and the lack of sound of mind of the insured pled in the complaint, the court in *Dunn* dismissed the complaint for lack of standing. The Opposition failed to demonstrate why the Trust should be treated differently from the wife in *Dunn*.

Other cases cited in the Opposition also do not support Plaintiffs' position. Unlike Plaintiffs' wishful thinking, no cases support Plaintiffs' contention that "a former/lawfully [sic] beneficiary pleading the change in beneficiary was procured by a void act has a vested right in the insurance policy upon the decedent's death." (Opp.6:14 – 15). The case cited purportedly in support of Plaintiffs' position, such as *Waters v. Conselho Supreme* (1918) 38 Cal. App. 360, specifically ruled that "the conclusion we have reached on the merits of the case renders unnecessary a determination of respondent's motion to dismiss the appeal; and for the same reason <u>it will be unnecessary for us to consider the question whether or not the wife,…, acquired a vested</u>

1    interest in the policy. *Id.,* at 361. (Emphasis added).

2         In short, Plaintiffs have utterly failed to provide any grounds (either through case law or

3    statues) to substantiate their questionable theory that "a former beneficiary pleading the change in

4    beneficiary was procured by a void act would automatically have a vested right in the insurance

5    policy upon the decedent's death." (Opp. 6:14 – 16).  As discussed above, all the cases cited in

6    support of Plaintiffs' theory is irrelevant and does not address Plaintiffs' lack of standing

7    
8    discussed in the Motion.

9         Finally, Plaintiffs' use of the statute Civil Code Section 1608 and the case law *Wong v.*

10   *Tenneco, Inc.*, (1985) 39 Cal. 3d 126, 135 in connection therewith is also misplaced.  (Opp. 7:3 –

11   
12   15).   As Plaintiffs correctly set forth, California Civil Code Section 1608 allows an unlawful

13   contract to be void.  Civ. Code §1608.  However, the Opposition failed to explain the connection

14   between the allegedly void contract (in this case, the Proposal) and Plaintiffs' right to the death

15   benefit of the Policy.  Plaintiffs attempt to connect the dot between the voidance of the Proposal

16   
17   and their right to the Policy benefit by citing *Wong v. Tenneco, Inc.*  However, this attempt must

18   fail.  In *Wong*, the court rules that once a contract is determined to be illegal and thus void, courts

19   return the parties to their status before the contract was made.  *Wong, supra*, 39 Cal. 3d at 135;

20   (Opp. 7:10 – 11).    As explained in the Motion, Plaintiffs <u>are not the party</u> to the Proposal, a

21   contract Plaintiffs is attempting to void for its alleged illegality.  Nowhere in the Complaint do

22   
23   Plaintiffs allege that they are the party to the Proposal nor do they allege any facts sufficiently

24   demonstrating that had the parties to the Proposal returned to their status before the Proposal was

25   made, Plaintiffs would still be the named beneficiary.

26        Accordingly, Plaintiffs' line of reasoning in establishing their "vested right" in connection

27   with the Policy is seriously flawed.  Because Plaintiffs cannot demonstrate their "vested right" in

28   the proceeds of the Policy by all measures, their unwarranted conclusion that "as long as Plaintiffs

have pled plausible facts that the life settlement contract is void, the Trust has a vested right under the Policy and standing to maintain this action" as well as the subsequent discussion regarding how the Proposal is statutorily void should also fail.  (Opp. 7:16 – 18).

> **2.  Georgina, on behalf of the Trust, does not have standing to bring a claim for rescission of contract and/or declaratory relief and neither she nor the Trust is "vested beneficiary"**

Plaintiffs' use of the case law in support of their position under the Section III, B, 2 is misguided and improper.

The Opposition cites *Orcutt v. Ferranini*, (1967) 237 Cal. App. 2d 216 and contends that "California law recognizes that former beneficiaries have standing to bring an action against a party for fraudulent misrepresentations in a contract that affects their interest under the policy." (Opp. 9:25 – 27).

The *Orcutt* court discusses about *reformation of a contract* in connection with the California Civil Code §3399.  Specifically, the court in *Orcutt* rules, in relevant part, that "*under the provision in Civil Code, § 3399*, for contract reformation on application of a party aggrieved, the aggrieved party need not be an original party to the contract.  *Orcutt*, *supra*, 237 Cal. App. 2d 216. (Emphasis added).

In turn, the California Civil Code §3399 states that:

> "When, <u>through fraud or a mutual mistake of the parties, or a mistake of one party</u>, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value."  Cal. Civ. Code § 3399 (Emphasis added).

In fact, the facts of the *Orcutt* specifically involve the mistake of <u>the parties to the contract,</u> where the surrender of policies (the document that plaintiff in *Orcutt* tried to revise/reform) was signed by the insured (the husband of the plaintiff) and the plaintiff was the named beneficiary of the policy until the surrender was executed.  The court found that the insured and his wife (the

-7-

plaintiff) would not have ordered, and would not have signed and delivered the documents and policies, had they known that such was the nature of the transaction, fraudulently prepared and presented <u>by the insurer of the policy</u>.  *Orcutt, supra*, 237 Cal. App. 2d at 219.

Facts in the instant case are not even remotely analogous to the facts in *Orcutt*.  Here, as clearly illustrated in the Exhibit A to the Complaint, the contract Plaintiffs try to <u>rescind</u>, not <u>revise</u>, was drafted by the Decedent, the party to the contract.  Contrary to the insured in *Orcutt*, who mistakenly signed the surrender document, not intending to change the beneficiary of his life insurance, the Decedent here himself drafted the Exhibit A, knowing, fully understanding and intending the beneficiary change, and subsequently submitted the change of beneficiary form to effectuate the change.  (Complaint, ¶24).

Therefore, the Complaint cannot allege and, does not allege, that there has been any mistake of the parties, or any mistake, to warrant the application of California Civil Code §3399 to the extent that the contract does not truly express the intention of the parties.  The Complaint also does not allege that despite the clear language on the face of the Exhibit A (that the Decedent is the author of the Exhibit A), the contract was somehow drafted by Defendant and as such, was presented and/or produced by fraud.

Accordingly, neither *Orcutt* nor California Civil Code §3399 apply to this case at hand and Plaintiffs' deceptive attempt to show the similarity between the two cases for the first and fifth causes of action for declaratory relief and rescission must fail.

### 3.  Plaintiffs cannot maintain their claim for financial abuse to a dependent adult pursuant to Welfare & Institutions Code §15600, *et seq.*

The Opposition contends that Defendant's argument that "only the personal representative has standing to sue for any claims related to fraud or other harm committed upon a decedent" is incorrect.  (Opp. 12:9).

First, the Motion does not contend that "only the personal representative has standing to sue for any claims related to fraud" but contends that "a cause of action that survives the death of the person entitled to commence an action passes to the decedent's successor in interest may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest pursuant to California Probate Code section 377.30." (Motion, 8:15 - 18).  It is further suggested by the Motion that the proper procedure for Plaintiffs is to petition for removal of the personal representative from the office." (Motion, 8:25 – 28).

Second, the Opposition fails to show how and why the above argument and California Probate Code presented in the Motion is "incorrect" but instead, merely discusses why Plaintiffs should have standing to the various causes of action, namely, the third, fourth, sixth and the seventh.

Assuming that Plaintiffs are the successor in interest, and as alleged in the Opposition, that the Decedent's current personal representative, Lyndon Duggs, had refused to commence the action, Plaintiffs still cannot show their standing to bring the third claim for financial abuse to a dependent adult pursuant to Welfare & Institutions Code §15600 for the following reason.  *Lickter v. Lickter*, (2010) 189 Cal. App. 4th 712, 716 ("Generally, "the right to commence or maintain [such] an action ... pass[es] to the personal representative of the decedent." (Welf. & Inst.Code, § 15657.3, subd. (d)(1).)  However, "[i]f the personal representative refuses to commence or maintain an action or if the personal representative's family or an affiliate ... is alleged to have committed  abuse of the elder," then the Legislature has granted "standing to commence or maintain an action for elder abuse" to "[a]n intestate heir whose interest is affected by the action," "[t]he decedent's successor in interest," or "[a]n interested person, as defined in Section 48 of the Probate Code [with certain limitations not applicable here]." (*Id*., subd. (d)(1) & (2).))

1   Plaintiffs argue that they are an "interested person" as defined by California Probate Code

2   §48(a)(1).  (Complaint, ¶94).  Plaintiffs also argue that the Trust is properly alleged to be the

3   original and rightful beneficiary of the Policy with a properly right in the Policy that may be

4   affected by this present proceeding. (*Id*.).

5   As properly alleged in the Complaint, to be an "interested person," plaintiffs had to have a

6   property right in or claim against the trust estate that might be affected by the elder abuse

7   proceeding.  *Lickter, supra*, 189 Cal. App. 4th at 720. (Emphasis added).  "Under Probate Code

8

9   section 24, " '[b]eneficiary' means a person to whom a donative transfer of property is made or

10   that person's successor in interest, and: [¶] ... [¶] (c) [a]s it relates to a trust, means a person who

11   has any present or future interest, vested or contingent." *Lickter, supra*, 189 Cal. App. 4th at 729.

12

13   For the reasons discussed under the Section II, A, 2 of the Motion and Section II, A, of this

14   Reply the Trust does not have a property right in the Policy because any interest the Trust had in

15   the Policy was  mere expectancy, not vested interest.  Therefore, there is no property right or claim

16   against Defendant in connection with the Policy that may be affected by this proceeding.

17

18   In the Opposition, Plaintiffs allege that "the Trust is properly alleged to be the original and

19   rightful beneficiary of the Policy with a property right in the Policy." (Opp. 12:22 – 23).  This

20   argument is based on the premise that the Trust is the named beneficiary of the Policy whose

21   interest became vested upon the death of the Decedent.  This premise is not accurate.  Plaintiffs

22   alleges to be "interested person" under the Probate Code §48(a)(1) based on the "property right"

23   that they never had.   When plaintiffs commenced this action, which occurred after the beneficiary

24   change and Decedent's death, they had already lost their expectancy in the Policy and Plaintiffs'

25   claims were not, and could not be, "affected by" the action.

26

27   Plaintiffs were no longer beneficiaries of the Policy, let alone beneficiaries with "a

28   property right in or claim against the Policy which could be affected by the elder abuse action.

-10-

**DEFENDANT'S REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

*Lickter*, *supra*, 189 Cal.App.4[th] at 733.  Therefore, Plaintiffs cannot maintain the third claim of relief.

### B.  The Opposition Fails to Overcome the Fatal Deficiencies in the Fraud Cause of Action

#### 1.  Opposition fails to cure the fatal deficiency in the common law fraud cause of action for lack of deceit

Plaintiffs' attempt to establish the common law fraud cause of action must fail.  Plaintiffs allege in the Opposition that their fraud claims are entirely based on allegations that Eby made omissions and concealments that are both grounded in fraud.  (Opp. 16:24 – 25).  The gravamen of the fraud claim is defendant's intent to defraud. Civ. Code §1709 ("tortious fraud or deceit occurs when a party "willfully deceives another with the intent to induce him to alter his position to his injury or risk").  When a plaintiff's fraud claim is based on suppression of material fact (concealment) as here, plaintiff must defendant's knowing concealment, i.e. knowledge of the effect of concealment of a material fact. *Cicone v. URS Corp.* (1986) 183 Cal. App. 3d 194, 227. This element distinguishes intentional deceit from the related tort of negligent misrepresentation. *Gagne v. Bertran*, (1954) 43 Cal. 2d 481, 487-88.

In the Opposition, Plaintiffs erroneously allege that "similar to negligence *per se*, court have used violations of civil and criminal statutes as evidence in determining an element of common law fraud" and cited couple cases in support of their contention.  (Opp. 17:23 – 18:3). Plaintiffs cannot argue that Defendant automatically committed common law fraud by violating the insurance code cited in the Complaint because the fraud cause of action, by definition, requires Defendant's deceit, the specific intent by Defendant to defraud Plaintiffs.

In fact, the cases cited in the Opposition confirms such requirement for the fraud cause of action, the specific type of intentional torts.  The court in *Laczko v. Jules Meyers, Inc.* merely rules that violation of a statutory duty to another may therefore be a tort and violation of a statute

-11-

embodying a public policy is generally actionable even though no specific civil remedy is provided in the statute itself.   *Laczko v. Jules Meyers, Inc.* (1969) 276 Cal. App. 2d 293, 295.  The case does not, however, waive the requirement of deceit by defendant in case of defendant's violation of statute.  The *Laczko* court overruled the demurrer when the plaintiff in *Laczko* alleges that the odometer was manipulated by the defendant and this alleged misconduct violates Vehicle Code section 28051, which then read: "It is unlawful for any person to disconnect, turn back, or reset the odometer of any motor vehicle <u>with the intent to reduce</u> the number of miles indicated on the odometer gauge. *Laczko, supra,* 276 Cal. App. 2d 293, 294-95 (Emphasis added). As such, the statute itself requires a wrongdoer to have specific intent, i.e. deceit, to violate the Code.

Deceit in the context of concealment is the knowledge of the effect of concealment of a material fact. *Cicone v. URS Corp.*, *supra*, 183 Cal. App. 3d at 227; *Block v. Tobin*, (1975) 45 Cal. App. 3d 214, 219.  No such knowledge was pled in the Complaint and the Opposition fails to address this deficiency.  Nowhere in the Complaint did Plaintiffs allege that Defendant was aware or otherwise had knowledge of the material facts, namely the legal requirement in connection with a life settlement, he allegedly concealed from decedent or Plaintiff Georgina.  Rather, Plaintiffs' second cause of action for common law fraud conveniently assume that Defendant knew the various requirement giving rise to the fraud cause of action, and had knowledge of the effect of concealment of the material fact, and despite such knowledge he concealed such fact with intent to defraud the decedent and Plaintiffs.   However, the Complaint is devoid of any allegations as to Defendant's knowledge of such facts.  Absent such knowledge, Plaintiffs cannot sufficiently meet the essential requirement for the fraud cause of action because Defendant cannot conceal a fact that he does not know to be false with intent to defraud.

### 2.   Plaintiffs' statutory fraud claim against Defendant also must fail

The same argument applies to Plaintiffs' statutory fraud; all the Insurance Code cited by Plaintiffs allegedly giving rise to their claim for statutory fraud requires the violator's fraudulent conduct, and/or intent.  For example, Complaint alleges that Defendant Eby committed fraudulent life settlement acts and violations of Insurance Code §10113.3(s) by engaging in a transaction, practice or course of business in attempting to purchase thee Policy from Decedent via the life settlement with the intention to avoid the notice      requirements of the Insurance Code …." (Complaint, ¶69).  Logically, Defendant has to have the knowledge of the requirement in order to avoid the notice requirements of the Code.  However, Complaint fails to allege any fact demonstrating that Defendant had such knowledge.  The same discussion applies to the rest of Plaintiffs' claim in connection with the statutory violation.

"Fraudulent life settlement act" includes … Acts or omissions committed by any person that, <u>for the purpose of depriving</u> another of property or for pecuniary gain, commits …in acts… Cal. Ins. Code § 10113.1 (Emphasis added).  Other than merely listing the language of the Code, the Complaint is devoid of any factually allegation that Defendant committed wrongful act <u>for the purpose of depriving</u> Decedent or Plaintiffs of property subject to the Insurance Code §10113.  It is fundamentally questionable, from the language of the Complaint, that Defendant's act in signing the document <u>drafted by Decedent</u> (Exhibit A to the Complaint) without the knowledge as to the legality of the terms set forth therein, should be sufficient to establish either statutory or common law fraud cause of action.  The Opposition did nothing to address the crucial deficiency in the Complaint, and therefore, Defendant respectfully requests this Court to dismiss the second cause of action.

**DEFENDANT'S REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**C. Motion to Dismiss Properly Challenged the First, Third, Fourth, Fifth, Sixth and Seventh Claims for Relief and Opposition Makes no Attempt to Address the Same**

Recognizing the futility of their fraud claims, Plaintiffs now wish to claim that the remaining claims of relief can be maintained independent from their fraud claim. (Opp. 22:16 – 17). However, such position is without merit and contradicting to the language of the Complaint.

In the Opposition, Plaintiffs alleges that "Claim 3 for financial abuse of a dependent adult under the California Welfare and Institution Code Section 15600 is based on undue influence, not fraud; Claim 4 for breach of fiduciary duty in no way requires fraud; Claim 5 for rescission is based on illegality; and the UCL claim is also based statutory violations of the provisions of the Insurance Code beyond fraud." (Opp. 22:19 – 26).

The following language of the Complaint clearly demonstrates that the gravamen of the Complaint rests upon the alleged fraudulent conduct of the Defendant (i.e. fraudulently inducing the Decedent to sell his death benefit to Defendant):

- The taking, misappropriating, obtaining and/or retaining of Decedent' personal property, i.e., the Policy, to which the Trust was the beneficiary, by Defendant Eby bymeans of the Life Settlement was for a wrongful use and/or with intent to defraud in that Decedent… (Complaint, ¶88, under the Claim 3)

- Eby breached his fiduciary duty to Decedent, the Trust and Plaintiff Georgina by attempting to transact the Life Settlement to fraudulently acquire the death benefit proceeds of the Policy… with the intent and purpose of deceiving Decedent… (Complaint, ¶105, under the Claim 4)

- Plaintiffs contend that the Life Settlement Contract made between Decedent and defendant was made in conflict with and in violation of, the express statute of §10113.2 (of the Insurance Code) (Complaint, ¶114, under the Claim 5)

- The business act of Eby … constitute unlawful business practices in violation of the UCL claim in that Eby violated numerous provisions of California law. Such business acts include… 1) the fraudulent purchase of the Policy via the Life Settlement and 2) conducing the negotiation and execution of the Life Settlement in violation of the numerous provision of the Insurance Code… (Complaint, ¶120, under the Claim 6).

As such, Complaint heavily relies on Defendant's alleged violation of the Insurance Code

-14-

1   as to establish the statutory fraud and the alleged commission of common law fraud and therefore,

2   absent Plaintiffs' allegations of statutory and common law fraud, the remaining claims of the

3   Complaint "will have no legs to stand on."  (Motion, 9:5 – 9).  The Opposition utterly failed to

4   address how the above listed claims "rely on allegations completely outside of fraud." (Opp. 22:

5   26 – 28).  As discussed in the Motion and the above, both statutory and common law fraud cannot

6

7   stand for the lack of intent/knowledge as to the falsity of the facts allegedly concealed by

8   Defendant and thus, the remaining claims should be dismissed.

9

10   **D.   No Amendment Would Cure the Deficiency of Plaintiffs' Claim and Thus, This Court Should Dismiss the Claim Without Leave to Amend**

11          Plaintiffs' lack of standing means that this Court does not have subject matter jurisdiction

12   over any claim against Defendant.  *Gerlinger v. Amazon.com, Inc*. (9th Cir. 2008) 526 F.3d 1253,

13

14   1256.   Courts consistently hold that when a court actually lacks jurisdiction, plaintiffs may not

15   cure such a deficiency by amendment. *See Stafford v. Mobil Oil Corp.* (5th Cir. 1991) 945 F.2d

16   803, 806. In fact, "a district court is powerless to grant leave to amend when it lacks jurisdiction

17   over the original complaint." *Morongo Band of Mission Indians v. Calif. State Board of*

18   *Equalization* (9th Cir.1988) 858 F.2d 1376, 1381.

19

20          Accordingly, Defendant respectfully requests this Court to dismiss the Complaint without

21   leave to amend since no amendment can cure Plaintiffs' lack of subject matter jurisdiction.

22

23                             **III.    CONCLUSION**

24          For the reasons discussed above, the Motion properly dismisses the entire claims pled in

25   the Complaint.

26

27   DATED: October 1, 2014                    **BEITCHMAN & ZEKIAN, P.C.**

28
                                              By: ___/s/ Andre Boniadi_____
                                                   Andre Boniadi,
                                                   *Attorneys for Defendant*

**DEFENDANT'S REPLY TO OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S COMPLAINT**