1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

NORTHERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| GEORGINA R. DUGGS, et al., | Case No. 14-cv-03734-RS |
| Plaintiffs, | |
| v. | **ORDER DENYING PRELIMINARY INJUNCTION** |
| JAMES EARL EBY, | |
| Defendant. | |

United States District Court
Northern District of California

Plaintiff Georgina Duggs brings this action both in her individual capacity and as the

trustee of the Edward & Georgina Living Trust ("the Trust"). Georgina[1] also appears in her

capacity as the "natural guardian" of her minor children co-plaintiffs, Zane and Gemma. The Trust

was formerly the named beneficiary of a $1.5 million dollar life insurance policy issued by

MetLife Investors USA Insurance to Edward L. Duggs, Jr., who was Georgina's husband and the

father of Zane and Gemma. Prior to Edward's death in December of 2013, however, he had

changed the beneficiary on the MetLife policy to be defendant James Earl Eby, a longtime friend.

Edward and Eby had also entered into a written contract whereby Eby purchased the MetLife

policy for the sum of $250,000, with an initial payment of $50,000 and the balance payable over

time or upon Edward's death. At the time, Edward was suffering from terminal cancer, and had a

life expectancy of 6 months to 2.5 years.

---

[1] Given names are used herein to distinguish among members of the Duggs family, without
disrespect.

When Edward died a few months later, MetLife paid out the $1.5 million policy benefit to Eby. As required by his contract with Edward, Eby paid the remaining $200,000 balance of the purchase price into a new trust, to which Zane and Gemma, but not Georgina, are beneficiaries. In this suit, Georgina seeks to establish that the transactions through which Eby became the beneficiary of the MetLife policy were wrongful, and thereby to recover for the Trust (and therefore for herself, Zane, and Gemma, as beneficiaries of the Trust) the $125,000 in death benefits retained by Eby. Pursuant to a stipulation between the parties, Eby has been temporarily restrained from disposing of the insurance proceeds in dispute. Plaintiffs' application for a preliminary injunction, however, will be denied for the following reasons.

A preliminary injunction order is an "extraordinary remedy" that is "never granted as of right." *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, a plaintiff must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Alternatively, if the moving party can demonstrate the requisite likelihood of irreparable harm, and show that an injunction is in the public interest, a preliminary injunction may issue so long as there are serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In any case, a court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Village of Gambell, AK*, 480 U.S. 531, 542 (1987).

Contrary to Eby's contentions, plaintiffs have made a sufficient showing, at least for purposes of the analysis at the preliminary injunction stage, that they have standing to bring this action. Eby relies on *New York Life Insurance Co. v. Dunn*, 46 Cal.App 203 (1920) to argue that under California law a person named as a beneficiary in a life insurance policy has no vested rights that can be enforced if the insured effects a beneficiary change prior to death. *See id.* at 205 ("no cause of action existed in [plaintiff's] favor, she having no vested right in the premises, but at

United States District Court
Northern District of California

1    most, only the mere expectancy of an incomplete gift, revocable at the will of the insured.")  Even

2    assuming *Dunn* represents current California law where an insured has merely changed

3    designation of beneficiary on a policy, it does not address the circumstances here, where plaintiffs

4    are alleging a violation of the statutes governing "life settlement contracts."  The present record

5    suggests that the beneficiary change occurred as part and parcel of the contractual arrangement

6    between Edward and Eby. Whether or not plaintiffs will ultimately succeed in showing that

7    contract to have been illegal and therefore voidable, they at least have standing to present the

8    claim, since the Trust (and Zane, Gemma, and Georgina as Trust beneficiaries) would stand to

9    benefit were the transaction unwound.

10        Eby's argument that his contract was not within the purview of the statutes governing life

11   settlement contracts is not persuasive.  California Insurance Code §10113.1(k) defines "life

12   settlement contract" as a written agreement "between a provider and an owner, establishing the

13   terms under which compensation or any thing of value will be paid, which compensation

14   or thing of value is less than the expected death benefit of the insurance policy or certificate . . . ."

15   Eby contends he cannot be deemed a "provider" under this definition because subdivision (r) of

16   the statute exempts "purchasers" from the definition of "providers."  In context, however, it is

17   clear that "purchasers" are those who buy an interest in a life settlement contract that has already

18   been formed.  *See* §10113.1(s)(defining purchaser as "a person who pays compensation or

19   anything of value as consideration . . . for the assignment, transfer, or sale of, an ownership or

20   other interest in a life insurance policy . . . *which has been the subject of a life settlement*

21   *contract*." (emphasis added.)).  Were Eby exempt as a "purchaser," the statute would be virtually

22   meaningless, as all or nearly all "providers" would also be "purchasers."

23        Although Eby may be correct that the statute was enacted primarily to address perceived

24   abuses by commercial "providers," not private individuals like him, the statute does not contain an

25   exception for this transaction.  *Cf.*  §10113.1(k)(2)(E)(i) (exempting contracts among persons

26   "closely related to the insured by blood or law.").  Accordingly, at least at the preliminary

27   injunction stage, plaintiffs have adequately shown that the contract likely is subject to the

28

ORDER DENYING PRELIMINARY INJUNCTION
CASE NO.  14-cv-03734-RS

3

California Insurance Code.  As there is no real dispute that it did not comply with numerous provisions of that code, plaintiffs have raised at least some very serious questions as to whether the contract between Eby and Duggs was legal.[2]

Nevertheless, plaintiffs have not shown that imposition of a preliminary injunction preventing Eby from making use of the insurance proceeds is appropriate.  As a general rule, a federal court cannot issue an "asset freeze" simply to ensure that any judgment a plaintiff may ultimately obtain will be collectible.  *See Grupo Mexicano de Desarollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319-320 (1999) (holding that in an action for money damages, a district court has no power to issue a preliminary injunction preventing a defendant from transferring assets in which no lien or equitable interest is claimed.)  A court may, however, enjoin dissipation of a specific asset, where the plaintiff has an equitable claim against that asset.  *See United States v. Oncology Associates*, 198 F.3d 489, 496 (4th Cir. 1999) ("when the plaintiff creditor asserts a cognizable claim to specific assets of the defendant or seeks a remedy involving those assets, a court may in the interim invoke equity to preserve the *status quo* pending judgment *where the legal remedy might prove inadequate* and the preliminary relief furthers the court's ability to grant the final relief requested.")(emphasis added).

In this instance, the sums paid by MetLife to Eby arguably constitute "specific assets" to which plaintiffs are asserting an equitable claim.  Nevertheless, plaintiffs' showing was directed solely at establishing their claims to those funds, not to advancing any evidence or substantial argument that a legal remedy is likely to be inadequate.  Rather plaintiffs contend, in essence, that simply because the funds are believed to exist now in largely untouched, intermingled, or dissipated form, it would just be simpler if they remain in that state and available for return to the Trust should plaintiffs prevail.  Because such an argument does not satisfy plaintiffs' burden to

---

[2]   None of the parties' respective characterizations of the motivations of the individuals involved, the status of the personal relationships, or Edward's state of mind and competence, present dispositive issues at this juncture.  Even assuming Edward was fully competent and had every reason to prefer that Eby receive the bulk of the insurance proceeds, plaintiffs would have a claim that the contract violated the law.

show a likelihood of irreparable injury, their motion for preliminary injunction must be denied.

**IT IS SO ORDERED**.

Dated: 10/8/14

RICHARD SEEBORG
United States District Judge