**KORNBLUM · COCHRAN**
**KCEH**
**ERICKSON · HARBISON**
Kornblum-Cochran-Erickson-Harbison, LLP, A Partnership of Professional Corporations and an Individual

GUY O. KORNBLUM (SBN 39974)
WALTER CRUMP (SBN 203743)
NICHOLAS J. PETERSON (SBN 287902)
TIMOTHY J. LEPORE (SBN 294247)
KORNBLUM, COCHRAN,
ERICKSON & HARBISON, LLP
1388 Sutter St., Suite 820
San Francisco, CA 94109
Telephone: (415) 440-7800
Facsimile: (415) 440-7898

Attorneys for Plaintiffs

GEORGINA R. DUGGS, Individually and
as Trustee of the EDWARD & GEORGINA
DUGGS LIVING TRUST; ZANE DUGGS
and GEMMA DUGGS, minors, by
GEORGINA R. DUGGS, their natural guardian

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGINA R. DUGGS, Individually and as Trustee of the EDWARD & GEORGINA DUGGS LIVING TRUST; ZANE DUGGS and GEMMA DUGGS, minors, by GEORGINA R. DUGGS, their natural guardian,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>JAMES EARL EBY,<br><br>　　　　　Defendant. | Case No.: 3:14-cv-03734-RS<br><br>**PLAINTIFFS' NOTICE AND MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT EBY'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS.**<br><br>Date:　　November 13, 2014<br>Time:　　1:30 p.m.<br>Dept:　　Courtroom 3, 17th Floor<br>Judge:　　The Honorable Richard G. Seeborg<br><br>Complaint Filed: August 18, 2014<br><br>Accompanying Documents:<br>(1) Plaintiffs' Surreply to Defendant's Reply in Support of His Motion to Dismiss Plaintiffs' Complaint; and<br>(2) [Proposed] Order Granting Plaintiffs' Motion for Leave to Fie a Surreply. |

**NOTICE OF MOTION**

Please take notice that on November 13, 2014 at 1:30 p.m., or as soon thereafter as counsel may be heard, Plaintiffs will move for leave to file a surreply to Defendant Eby's Reply in Support of its Motion to Dismiss Plaintiffs' Complaint. This motion is based upon this Notice of Motion, the following Memorandum of Points and Authorities, all papers and pleadings on file, and all matters to which this Court may take judicial notice.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Plaintiffs respectfully requests leave to file a five-page surreply to respond to Eby's deliberate misrepresentation to this Court, in which Eby omits crucial portions of a sentence quoted from *Waters v. Conselho Supremo* for the purpose to blatantly mislead this Court as to its holding. 38 Cal. App. 360 (1918). Alternatively, Plaintiffs requests that the Court take judicial notice of the case *Waters v. Conselho Supremo* to remedy Defendant's intentional omission. *Id*.

**LEGAL STANDARD**

The Federal Rules of Civil Procedure permits parties to file a motion, a response, and a reply. If the reply brief raises new material, nonmovant should be given an opportunity for further response: "It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." *U.S. ex rel. Giles v. Sardie*, 191 F.Supp.2d 1117, 1127 (C.D. Cal. 2000); s*ee also Carrol v. Yates*, No. 1:10–cv–00623, 2013 WL 100237, at *1-2 (C.D. Cal. Jan. 7, 2013).

**ARGUMENT**

Eby intentionally omits portions of a sentence he quotes to distort the holding of a case that is determinative in opposing Defendant's Motion to Dismiss, consequently providing grounds for Plaintiff to file a surreply.

On October 1, 2014, Eby filed his Reply to support his Rule 12(b)(6) Motion to Dismiss Plaintiffs' Complaint. In an attempt to rebut determinative case law Plaintiffs' cited in their Opposition, Eby's intentionally misleads this Court as to *Waters v. Conselho Supremo*'s holding:

//

> Unlike Plaintiffs' wishful thinking, no cases support Plaintiffs' contention that 'a former/lawfully [sic] beneficiary pleading the change in beneficiary was procured by a void act has a vested right in the insurance policy upon the decedent's death.' (Opp.6:14 – 15). The case cited purportedly in support of Plaintiffs' position, such as *Waters v. Conselho Supremo* (1918) 38 Cal. App. 360, <u>specifically</u> ruled that 'the conclusion we have reached on the merits of the case renders unnecessary a determination of respondent's motion to dismiss the appeal*;* <u>and for the same reason it will be unnecessary for us to consider the question whether or not the wife, . . . , acquired a vested interest in the policy</u>. (Citation omitted).'

Def's Reply, at 6-7 (emphasis original).

Eby omits the sentence clause between "wife" and "acquired" to misrepresent to this Court that *Waters* was not decided upon whether the insured was mentally incapacitated at the time he changed the beneficiary, giving the wife standing to sue. But when the sentence is cited in full, it is clear that the court in *Waters* was discussing whether an additional contractual agreement the insured had with his wife also gave her a vested interest in the Policy:

> The conclusion we have reached on the merits of the case renders unnecessary a determination of respondent's motion to dismiss the appeal; and for the same reason it will be unnecessary for us to consider the question whether or not the wife, **having in accordance with an agreement with her husband paid the dues upon the policy as long as the fraternal society would accept them, with the understanding that she should be the beneficiary thereof**, acquired a vested interest in the policy.

*Waters*, 38 Cal. App. at 361 (emphasis added).

Eby omits the portions highlighted in bold to mislead this Court to believe *Waters*, a controlling case in this matter, holds opposite than which the case states (and which Plaintiffs cite to in their Opposition). Eby did not cite this case in his Motion to Dismiss and now in his Reply fraudulently misrepresents its holding to this Court. Thus, Plaintiffs should be entitled to rebut Eby's misrepresentation to this Court for the purpose to set the record straight.

## CONCLUSION

Plaintiffs request leave to file a brief five-page surreply to respond to Eby's intentional misrepresentation to this court. The filing of a surreply will not prejudice Eby. On the contrary, an

inability to submit a surreply would prejudice Plaintiffs by depriving them of a fair chance to address Eby's fraudulent omission. *See* 28 Wright and Gold, <u>Federal Practice & Procedure</u> § 6164 at p. 383 (1993). For the forgoing reasons, Plaintiff respectfully requests leave to file the Surreply to Eby's Motion to Dismiss, attached as **EXHIBIT A.**

DATED: October 14, 2014                         KORNBLUM, COCHRAN, ERICKSON
                                                & HARBISON, LLP


                                                By_____/s/ Timothy J. Lepore____
                                                    TIMOTHY LEPORE
                                                    Attorneys for Plaintiffs