# EXHIBIT A

KORNBLUM · COCHRAN
**KCEH**
ERICKSON · HARBISON

Kornblum-Cochran-Erickson-Harbison, LLP, A Partnership of Professional Corporations and an Individual

GUY O. KORNBLUM (SBN 39974)
WALTER CRUMP (SBN 203743)
NICHOLAS J. PETERSON (SBN 287902)
TIMOTHY J. LEPORE (SBN 294247)
KORNBLUM, COCHRAN,
ERICKSON & HARBISON, LLP
1388 Sutter St., Suite 820
San Francisco, CA 94109
Telephone: (415) 440-7800
Facsimile:  (415) 440-7898

Attorneys for Plaintiffs

GEORGINA R. DUGGS, Individually and
as Trustee of the EDWARD & GEORGINA
DUGGS LIVING TRUST; ZANE DUGGS
and GEMMA DUGGS, minors, by
GEORGINA R. DUGGS, their natural guardian

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGINA R. DUGGS, Individually and as Trustee of the EDWARD & GEORGINA DUGGS LIVING TRUST; ZANE DUGGS and GEMMA DUGGS, minors, by GEORGINA R. DUGGS, their natural guardian,<br><br>  Plaintiffs,<br>  v.<br><br>JAMES EARL EBY,<br><br>  Defendant. | Case No.: 3:14-cv-03734-RS<br><br>**PLAINTIFFS' SURREPLY TO DEFENDANT EBY'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Date:   November 13, 2014<br>Time:   1:30 p.m.<br>Dept:   Courtroom 3, 17th Floor<br>Judge:  The Honorable Richard G. Seeborg<br><br>Complaint Filed: August 18, 2014 |

## SUMMARY

In ruling on Defendant Eby's Motion to Dismiss, this Court faces a central question—all else being peripheral:

---

Plaintiff's Surreply – Duggs, et al. v. Eby – Case No. 3:14-cv-03734-RS                                     0

- Contingent beneficiaries have standing to maintain claims underneath a life insurance policy once their mere expectancy develops into a vested right. The death of the insured transforms contingent beneficiaries' mere expectancy in the life insurance proceeds into a vested right. Does Plaintiffs' pleading that the Trust was removed by a void act give the Trust proper standing to challenge Eby's status as beneficiary because it was still the legal beneficiary under the Policy at the time of Decedent's death?

Plaintiffs have plead in their Complaint that the life settlement contract which attempted to legally remove the Trust as beneficiary under Decedent's life insurance policy was void for two reasons: (1) the life settlement contract that procured the change in beneficiary under the Policy is statutorily void, and more relevant to this Surreply, (2) Decedent was mentally incapacitated at the time he entered into the life settlement contract. Because the life settlement contract is void, Plaintiffs have pled the Trust was the lawful beneficiary at the time of Decedent's death, giving it a vested right under the Policy and standing to maintain its claims. Although Eby distorts case law to make a blatant misrepresentation to this Court, California courts have found standing for beneficiaries to assert a claim for life insurance proceeds when it is alleged the insured was of an unsound mind at the time he or she changed the beneficiary.

**ARGUMENT**

California Courts Have Allowed Standing for a Beneficiary to Assert Claims Against A Change in Beneficiary That Was Made When the Decedent Lacked the Mental Capacity to Effectuate the Change.

In support of Plaintiffs' Opposition, Plaintiffs' cited the case *Waters v. Conselho Supremo* for its affirmation that a wife was the lawful beneficiary under her husband's life insurance policy because the husband was mentally insane when he attempted to remove her as beneficiary. *Waters*, 38 Cal. App. 360, 360 (1918).

In *Waters*, a wife was the beneficiary of her husband's life insurance policy. *Id*. During their marriage, the husband developed a fatal tumor on the brain. *Id*. at 361-62. In the subsequent years after

his diagnosis, the husband became embittered against his children and wife without cause, and with the passing of time, his irrational hatred increased. *Waters*, 38 Cal. App. at 362-63. The husband later canceled his insurance policy, obtained a new one, and named his sister as the beneficiary; he then died shortly thereafter. *Id*. at 361.

Upon the husband's death, the wife brought an action against the sister alleging multiple claims for her entitlement to the life insurance proceeds, including that: (1) she acquired a vested right in the prior insurance policy because of contractual agreements and understandings between herself and her husband with reference to the policy, (2) the change in beneficiary was procured through fraud and undue influence, and (3) her husband lacked the mental capacity to make a valid designation of the beneficiary when he attempted to name his sister. *Id*. at 360-61.

At trial, the court found all of the allegations of the complaint to be true and supported, and ruled in favor of the wife. The sister appealed.

On appeal, the Court of Appeals upheld the trial court's judgment, stating, "[T]he question to be decided in this proceeding was as to the condition of Waters' mind when he procured the change of beneficiary . . . ." *Waters*, 38 Cal. App. at 364. "We are of the opinion . . . that there is an abundance of evidence in the record that Waters was permanently insane prior to the time that he made the change of beneficiary in question." *Id*. at 361. Thus because of this finding, the court stated:

> The conclusion we have reached on the merits of the case renders unnecessary a determination of respondent's motion to dismiss the appeal; and for the same reason it will be unnecessary for us to consider the question whether or not the wife, having in accordance with an agreement with her husband paid the dues upon the policy as long as the fraternal society would accept them, with the understanding that she should be the beneficiary thereof, acquired a vested interest in the policy.

*Id*.

Notwithstanding that *Waters* clearly found standing for the wife to challenge whether her removal as a beneficiary was procured through a legally void act, Eby distorts its holding. Eby's Reply states:

> Unlike Plaintiffs' wishful thinking, no cases support Plaintiffs' contention that 'a former/lawfully [sic] beneficiary pleading the change in beneficiary

> was procured by a void act has a vested right in the insurance policy upon the decedent's death.' (Opp.6:14 – 15). The case cited purportedly in support of Plaintiffs' position, such as *Waters v. Conselho Supremo* (1918) 38 Cal. App. 360, <u>specifically</u> ruled that 'the conclusion we have reached on the merits of the case renders unnecessary a determination of respondent's motion to dismiss the appeal; <u>and for the same reason it will be unnecessary for us to consider the question whether or not the wife, . . . , acquired a vested interest in the policy</u>.' (Citations omitted).

Def.'s Reply, at 6-7 (emphasis original).

Eby intentionally omits the portions of the sentence between "wife" and "acquired" to misrepresent to this Court that *Waters* did not address whether the wife acquired a vested interest in the policy by reason of the insured's lack of mental capacity. But when the sentence is cited in full, it is clear that the court in *Waters* stated only that it was not necessary to determine whether the <u>wife's alleged contractual agreement with her husband gave her a vested right under the Policy</u>. That's because the Court decided the case on the merits: the insured was mentally incapable of making a valid beneficiary designation under the Policy, and thus his sister's designation as the beneficiary was void.

Plaintiffs' allegations in their Complaint are no different than the wife's allegations in *Waters*. Plaintiffs have pled two reasons why the change in beneficiary cannot be legally recognized: <u>First</u>, the Life Settlement contract is statutorily void, and <u>second</u>, the Decedent lacked the mental capacity at the time he enter into the Life Settlement contract and designated Eby as the beneficiary. Pls.' Compl. at ¶¶20, 27-28. Thus, Plaintiffs maintain the Trust was the legal beneficiary at the time Decedent died, giving the Trust a vested right under the policy and standing to challenge Eby's claim to the insurance proceeds.

**CONCLUSION**

Plaintiffs' have alleged and pled plausible facts that the life settlement which attempted to remove the Trust as beneficiary under the Policy is void. Thus, Plaintiffs have claimed the Trust was the legal beneficiary under the Policy at the time of Decedent's death. Accordingly, Plaintiffs have pled Georgina, in her role as the trustee of the Trust, has standing to maintain this action against Eby to protect the Trust's vested right under the Policy. For these reasons, Plaintiffs respectfully request the Court to deny Eby's Motion to Dismiss.

1 DATED: October 14, 2014	KORNBLUM, COCHRAN, ERICKSON
2 	& HARBISON, LLP
3 	By:	_/s/ Timothy J. Lepore____
4 		TIMOTHY J. LEPORE
5 		Attorneys for Plaintiffs