David P. Beitchman, SBN 198953
dbeitchman@bzlegal.com
Andre Boniadi, SBN 266412
aboniadi@bzlegal.com
**BEITCHMAN & ZEKIAN, P.C.**
16130 Ventura Blvd., Suite 570
Encino, California, 91436
Telephone: (818) 986-9100
Facsimile:  (818) 986-9119

Attorneys for Defendant JAMES EARL EBY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| GEORGINA R. DUGGS, Individually and as Trustee of the EDWARD & GEORGINA DUGGS LIVING TRUST; ZANE DUGGS and GEMMA DUGGS, minors, by GEORGINA R. DUGGS, their natural guardian<br><br>Plaintiffs,<br><br>vs.<br><br>JAMES EARL EBY,<br><br>Defendant. | Case No.:    3:14-cv-03734-RS<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>Date:        November 13, 2014<br>Time:       1:30 p.m.<br>Dept.:       Courtroom 3, 17th Floor<br>Judge:      The Honorable Richard G. Seeborg<br><br>Complaint Filed: August 18, 2014 |

Defendant JAMES EARL EBY ("Defendant"), through his counsel, hereby will and does submit his opposition to a motion for leave to file surreply filed by plaintiff GEORGINA R. DUGGS, individually and as trustee of the EDWARD & GEORGINA DUGGS LIVING TRUST, and as natural guardian of ZANE DUGGS and GEMMA DUGGS ("Plaintiff").

///

///

///

-1-
**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant filed a motion to dismiss concerning all seven causes of action alleged in Plaintiffs' complaint ("Complaint"), alleging Complaint's lack of a cognizable legal theory and the absence of sufficient facts to establish Plaintiff's claims.  Plaintiff filed an opposition to Defendant's Motion, mainly alleging that Plaintiff does have standing to bring the claim and properly has pled the remaining causes of action. ("Opposition").  In response to Plaintiff's Opposition, Defendant filed a reply brief addressing several issues raised in the Opposition that needed to be addressed in support of his motion to dismiss. ("Reply").

On October 14, 2014, Plaintiff filed a motion for leave to file surreply ("Motion") to Defendant's Reply to Plaintiff's Opposition to motion to dismiss based solely on Plaintiff's wild assumption that Defendant intentionally failed to cite the full text of a case discussed in response to Plaintiff's Opposition in an attempt to misguide this Court. (Motion, 2:21 – 22).

For reasons discussed below, Plaintiff's Motion should be denied in its entirety.

## II.   LEGAL ARGUMENT

### A.  Plaintiff's Motion Lacks Legal Ground

In the Motion, Plaintiff contends that "if the reply brief raises new material, nonmovant should be given an opportunity for further response."  (Motion, 1:15 -16).  In support of her contention, Plaintiff cited *US. ex rel. Giles v. Sardie*, 191 F.Supp.2d 1117, 1127, where the court ruled "it is improper for a moving party to introduce <u>new facts or different legal arguments</u> in the reply brief than those presented in the moving papers." (Motion, 1:15 – 16) (Emphasis added).  If this contention is the only legal ground on which Plaintiff is bringing the Motion, the Motion should be denied for a lack of legal ground.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY**

In the Opposition, Plaintiff alleges that "Eby intentionally omits portions of a sentence he quotes to distort the holding of a case that is determinative in opposing Defendant's motion to dismiss, consequently providing grounds for Plaintiff to file a surreply." (Motion, 1:22 – 24). Specifically, Plaintiff argues that "Eby did not cite this case in his Motion to Dismiss and now in his Reply fraudulently misrepresents its holding to this Court." (Motion, 2:22 – 23).

Defendant's Reply introduced neither new facts nor different legal arguments in addressing *Waters v. Conselho Supreme Da Uniao Portugueza Do Estado De California*, (Cal. Ct. App. 1918) 38 Cal. App. 360 but merely addressed the case <u>in response to</u> the Opposition in which *Waters* was cited and discussed.

Plaintiff seems to interpret the case *US. ex rel. Giles* as an absolute bar for a moving party to address anything other than facts and/or laws presented in the moving paper.  Plaintiff's analysis and interpretation is seriously flawed.  According to Plaintiff's contention, Defendant's Reply is strictly limited to the discussion presented in his moving paper without an opportunity to address issues presented in the Opposition, which defeats the whole purpose of a reply brief. Defendant's Reply does not introduce new facts and/or legal theories absent in his motion to dismiss and maintains the same position that Plaintiff lacks standing and fails to plead sufficient facts establishing any causes of action.  The fact that *Waters* was not discussed in Defendant's motion to dismiss does not, and should not, prevent Defendant from discussing the case in response to Plaintiff's Opposition.

Accordingly, Defendant's discussion of *Waters* does not provide legal ground for Plaintiff to bring this Motion.  Also, Plaintiff's interpretation of the *US. ex rel. Giles* is misguided and inconsistent with the purpose of a reply brief.  Therefore, the Motion should be denied for a lack of legal ground.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY**

## B. Defendant Did Not Omit the Full Citation in an Attempt to Misguide this Court

As explained above, Defendant's Reply addressed *Waters* in response to Plaintiff's Opposition and for that purpose only.  Further, Defendant did not intentionally omit the full citation of the case in an attempt to misguide anyone.

Defendant alleges, without any basis, that Eby omits the sentence clause between "wife" and "acquired" to misrepresent to this Court that *Waters* was not decided upon whether the insured was mentally incapacitated at the time he changed the beneficiary, giving the wife standing to sue." (Motion, 2:9 – 13).  In the Reply, Defendant alleged:

> The case cited purportedly in support of Plaintiffs' position, such as *Waters v. Conselho Supreme* (1918) 38 Cal. App. 360, specifically ruled that "the conclusion we have reached on the merits of the case renders unnecessary a determination of respondent's motion to dismiss the appeal; and for the same reason it will be unnecessary for us to consider the question whether or not the wife,…, acquired a vested interest in the policy. *Id.,* at 361. (Emphasis added). (Reply, 5:24 – 6:1).

The allegedly intentionally omitted part is the following:

> "…not the wife, **having in accordance with an agreement with her husband paid the dues upon the policy as long as the fraternal society would accept them, with the understanding that she should be the beneficiary thereof**, acquired a vested interest in the policy."

Defendant's Reply omitted the part highlighted in bold simply because "the facts are not relevant to this case.  As Plaintiff properly stated, it is clear that the court in *Waters* was discussing whether an additional contractual agreement the insured had with his wife also gave her a vested interest in the policy, which bears no relevance to the case at hand.  (Motion, 2:11 – 13).

The court in *Waters* decided that it was not necessary to "determine respondent's motion to dismiss the appeal; and for the same reason it will be unnecessary for us to consider the question whether or not the wife,…, acquired a vested interest in the policy" <u>because the court found each and all the allegations of the complaint to be true and supported by competent evidence</u>, although it may be stated at the outset that there is no evidence in support of the allegations of fraud and

-4-
**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY**

undue influence." *Waters*, *supra*, at 361.  Thus, the discussion in *Waters* concerns the invalidity of a change of beneficiary when "there is an abundance of evidence in the record that Waters (the decedent) was permanently insane prior to the time that he made the change of beneficiary in question. *Waters, supra* at 361.  (Emphasis added).

Even if cited in full text, this case does not support Plaintiff's position that "a former beneficiary pleading the change in beneficiary was procured by a void act has a vested right in the insurance policy upon the decedent's death." (Opp. 6:14 – 16).  In the Opposition, Plaintiff alleges that "this explanation—that a former/lawfully beneficiary pleading the change in beneficiary was procured by a void act has a vested right in the insurance policy upon the decedent's death—explains why courts in the past have allowed some former beneficiaries standing and others not." (Opp. 6:14 0 16).  Then, Plaintiff cites *Waters* as an example of Plaintiff's position as if the court in *Waters* discussed and granted a vested right to a former beneficiary pleading the change in beneficiary was procured by a void act.

Contrary to Plaintiff's wording and use of the case, the court in *Waters* did not find that a former beneficiary pleading the change in beneficiary was procured by a void act has a vested right in the insurance policy upon the decedent's death.  Instead, *Waters* court allows the former beneficiary to cancel the agreement effectuated the beneficiary change upon finding of an abundance of evidence in the record that the decedent was permanently insane prior to the time that he made the change of beneficiary in question. *Waters, supra* at 361. (Emphasis added).

Based on the foregoing, the Reply contends:

Plaintiffs have utterly failed to provide any grounds (either through case law or statues) to substantiate their questionable theory that a former beneficiary pleading the change in beneficiary was procured by a void act would automatically have a vested right in the insurance policy upon the decedent's death. (Opp. 6:14 – 16).  As discussed above, all the cases cited in support of Plaintiffs' theory is irrelevant and does not address Plaintiffs' lack of standing discussed in the Motion. (Reply, 6:2 – 8).

In reaching this conclusion, it was unnecessary for Defendant to include the omitted text

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY**

from the case, especially when the omitted text discussed about an additional contractual agreement between the insured and the former beneficiary, which bears no relevance to the case at hand.  Based on the foregoing, it is absolutely unnecessary for Plaintiff to file a separate motion for leave to file a 'surreply' only to include the irrelevant portion of the citation which provides no support to their position.

### C. The Motion Is Unfairly Prejudicial to Defendant and Serves No Purpose

By filing this Motion, Plaintiff has already prejudiced and will further prejudice Defendant by having him to incur additional legal expense in reviewing and defending the Motion.  Further, this Court has already been informed of the omitted part of the case law by way of Plaintiff's Motion and the surreply attached thereto, and thus, Plaintiff has already accomplished the purpose of the Motion.  Therefore, it will be unnecessary and prejudicial to Defendant to allow Plaintiff to file the additional five page 'surrreply' to bolster her position on maters already fully briefed.

### III.   CONCLUSION

For the reasons discussed above, Defendant respectfully requests to deny the Motion in its entirety.

DATED: October 27, 2014           **BEITCHMAN & ZEKIAN, P.C.**

By:   /s/ Andre Boniadi
        Andre Boniadi,
        *Attorneys for Defendant*

-6-
**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY**