GUY O. KORNBLUM (SBN 39974)
WALTER CRUMP (SBN 203743)
NICHOLAS J. PETERSON (SBN 287902)
TIMOTHY J. LEPORE (SBN 294247)
KORNBLUM, COCHRAN,
ERICKSON & HARBISON, LLP
1388 Sutter St., Suite 820
San Francisco, CA 94109
Telephone: (415) 440-7800
Facsimile:  (415) 440-7898

Attorneys for Plaintiffs

GEORGINA R. DUGGS, Individually and
as Trustee of the EDWARD & GEORGINA
DUGGS LIVING TRUST; ZANE DUGGS
and GEMMA DUGGS, minors, by
GEORGINA R. DUGGS, their natural guardian

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGINA R. DUGGS, Individually and as Trustee of the EDWARD & GEORGINA DUGGS LIVING TRUST; ZANE DUGGS and GEMMA DUGGS, minors, by GEORGINA R. DUGGS, their natural guardian,<br><br>    Plaintiffs,<br> v.<br><br>JAMES EARL EBY,<br><br>    Defendant. | Case No.: 3:14-cv-03734-RS<br><br>**PLAINTIFFS' REPLY TO DEFENDANT EBY'S OPPOSITION TO MOTION FOR LEAVE TO FILE SURREPLY**<br><br>Date:  November 13, 2014<br>Time:  1:30 p.m.<br>Dept:  Courtroom 3, 17th Floor<br>Judge:  The Honorable Richard G. Seeborg<br><br>Complaint Filed: August 18, 2014 |

## **INTRODUCTION**

  In Eby's Reply to Plaintiffs' Opposition to his Motion to Dismiss, Eby misrepresent the holding of *Waters v. Conselho Supremo* by omitting text from a sentence he quotes to rebut Plaintiffs legal

arguments for standing. 38 Cal. App. 360 (1918).

Eby now attempts to excuse his "chop and skewing" of case law quotations by mischaracterizing Plaintiffs' legal arguments to feebly claim (a) Plaintiffs have no grounds to file a surreply, and (b) the text he omitted from his quotation was not factually relevant and need not be included. But because Eby concedes at the same time that the omitted text was the subject of the quoted sentence, arguing that the omitted text was factually irrelevant <u>only bolsters Plaintiffs' position</u>.  If the omitted text was the subject of the sentence and factually irrelevant, then the whole sentence was factually irrelevant and should have never been quoted. Since Eby cannot possibly explain away his material omission, Plaintiffs should be granted leave to file a surreply to address Eby's actions.

## **ARGUMENT**

**I.     Plaintiffs Have Grounds to File a Surreply Because They Had No <u>Opportunity to Address Eby's Fraudulent Omission in Their Opposition.</u>**

Plaintiffs do not contend, as Eby alleges, that a reply brief cannot address case law cited for the first time in an opposition. Rather, Plaintiffs merely contend that when a moving party misquotes portions of a sentence from a case to mislead a court as to its holding, the non-moving party has grounds to file a surreply. Pls.' Mot. for Leave to File Surreply 2. Otherwise, a non-moving party has no opportunity to alert a court to material misrepresentations and brief the court on how those misrepresentations constitute a potential fraud upon the court. Plaintiffs seek leave only to do that.

**I.     Eby Mischaracterizes Plaintiffs' Legal Argument in their Opposition To Propose An Illogical Explanation For Why His Omission Was Not Intended to Mislead This <u>Court, But This Omission Cannot Be Factually Rationalized or Explained Away</u>.**

First, Eby has mischaracterized Plaintiffs' legal argument and their use of the holding in *Waters v. Conselho Supremo*'s to support it. 38 Cal. App. 360 (1918).

In their Opposition to Eby's Motion to Dismiss, Plaintiffs have argued that a former beneficiary of life insurance policy has standing to maintain an action against a new beneficiary when it is pled the change in beneficiary was procured by a void act. Pls.' Opp'n 6. And that this is so because if the act is found to be void, the substituted beneficiary's status under the life insurance policy cannot be legally recognized. Thus meaning the former beneficiary was the lawful beneficiary at the time of the insured's

death, giving the former/lawful beneficiary a vested right in the insurance policy. Pls.' Opp'n 7.

Plaintiffs cited *Waters* because a California appellate court upheld a judgment awarding life insurance policy proceeds to a former beneficiary even though the insured designated a new beneficiary. *Waters*, 38 Cal. App. at 361. And again, as this Court is all too aware now, the court in *Waters* upheld that judgment because the insured lacked the mental capacity to contract (i.e. to remove the former beneficiary from the life insurance policy). *Id*.

Plaintiffs argued in their Opposition that the court in *Waters* upheld the judgment (and thus found standing for the former beneficiary) because, while not stated specifically in the case, the former beneficiary had a vested interest in the policy by reason of the insured's lack of mental capacity to designate a substituted beneficiary. *Id*. That is, because the act that attempted to change the beneficiary is void, the former beneficiary was the lawful beneficiary at the time of the insured's death. Thus the former beneficiary gained a vested right in the insurance policy when the insured died.

Plaintiffs made this assertion in their Opposition:

> This explanation—that a former/lawfully (sic) beneficiary pleading the change in beneficiary was procured by a void act has a vested right in the insurance policy upon the decedent's death—explains why courts in the past have allowed some former beneficiaries standing and others not. For example, in *Waters v. Conselho Supreme*, a California appellate court upheld a judgment for a former beneficiary canceling a certificate naming a new beneficiary because the insured was mentally incapacitated at the time he made the change. 38 Cal. App. 360 (1918). The court there stated that there [was] an abundance of evidence that [the owner] was permanently insane at the time of the change, and therefore incapable of making a valid designation of a beneficiary. *Id*. at 364.

Pls.' Opp'n. 6. As evident, Plaintiffs never made the assertion that *Waters* specifically stated the insured had a vested right in the insurance policy by reason of the insured's lack of mental capacity, but that this explanation reconciles its holdings with other cases that did not find standing for former beneficiaries.

But rather than address the merits of this argument head on, Eby mischaracterized the holding of *Waters* in his Reply instead:

> Unlike Plaintiffs' wishful thinking, no cases support Plaintiffs' contention that 'a former/lawfully [sic] beneficiary pleading the change in beneficiary was procured by a void act has a vested right in the insurance policy upon the decedent's death.' (Citations omitted). The case cited purportedly in support of Plaintiffs' position, such as *Waters v.*

> *Conselho Supreme* (1918) 38 Cal. App. 360, specifically ruled that 'the conclusion we have reached on the merits of the case renders unnecessary a determination of respondent's motion to dismiss the appeal; and for the same reason <u>it will be unnecessary for us to consider the question whether or not the wife, . . . , acquired a vested interest in the policy</u>. (Citation omitted).'

Def.'s Reply 5-6 (emphasis original).  However, as this Court is now aware, *Waters* did not make this blanketed declaration:

> The conclusion we have reached on the merits of the case (i.e. the insured's lack of mental capacity to contract) renders unnecessary a determination of respondent's motion to dismiss the appeal; and for the same reason it will be unnecessary for us to consider the question whether or not the wife, **having in accordance with an agreement with her husband paid the dues upon the policy as long as the fraternal society would accept them, with the understanding that she should be the beneficiary thereof**, acquired a vested interest in the policy.

*Waters*, 38 Cal. App. at 361.

After making this Court aware of Eby's omission, Eby now admits that "it is clear that the court in *Waters* was discussing whether an additional contractual agreement the insured had with his wife also gave her a vested interest in the policy, which bears no relevance to the case at hand. (Citations omitted)." Def.'s Opp'n 4.  Plaintiffs agree.

As Eby has admitted, the court only opined that it was not necessary to determine whether the wife gained a vested interest in the insured's policy by reason of a separate contract, not by reason of the insured's lack of mental capacity to designate a substituted beneficiary. Quoting the sentence as Eby did, without the omitted text, misleads this Court into thinking *Waters* specifically found it unnecessary to determine whether the wife acquired a vested interest in the policy by reason of the insured's lack of mental capacity (or any other reason for that matter). This is patently false.

Nevertheless Eby's admission above, he now claims he omitted the bolded text above because it was not factually relevant to this case. Def.'s Opp'n 4. But this explanation is illogical. The omitted text is the main subject of the sentence Eby quoted, which he has conceded. If the text omitted from the sentence is not factually relevant, *then the whole sentence is not factually relevant and Eby should have never quoted it, let alone without the omitted text*.

Again, the court in *Waters* never specifically commented on whether by reason of the insured's

lack of mental capacity, the wife acquired a vested interest in the policy. And Plaintiffs never made that representation. Rather, Plaintiffs presented to this Court a legal argument as to why the court in *Waters* upheld a judgment for a former beneficiary contrary to highly questionable and inapplicable "precedent" cited in Eby's Motion to Dismiss (i.e. that former beneficiaries do not have standing to maintain an action against the substituted beneficiary).[1] *See* Def.'s Mot. to Dismiss 5-7.

But even if Waters does not support Plaintiffs' legal argument as Eby maintains, it is irrelevant and provides no excuse for Eby's omission. Eby's omission in his Reply was, no matter how one "slices" it, designed to mislead this Court into believing *Waters* specifically declared it unnecessary to determine whether the wife acquired a vested interest in the policy <u>by reason of the insured's lack of mental capacity</u>. Regardless whether this Court agrees with Plaintiffs' interpretation of *Waters*, this is a false representation to this Court.

**CONCLUSION**

In sum, Eby's quote of *Waters* was misleading. The text Eby omitted was the "meat and potatoes" of that sentence and could not be omitted while still accurately portraying the court's statement. Its omission is evident of Eby's intent to mislead this Court, or, at the very least, Eby's gross negligence. Plaintiffs filed this Motion for Leave to File a Surreply because Plaintiffs had no opportunity to alert this Court to the fraudulent misrepresentation Eby made in his Reply and address it substantively.  For these reasons, the Court should grant Plaintiffs' Motion for Leave to File a Surreply.

DATED: November 4, 2014                                KORNBLUM, COCHRAN, ERICKSON
                                                                               & HARBISON, LLP


                                                                               By _____/s/ Timothy J. Lepore____
                                                                                      TIMOTHY LEPORE
                                                                                      Attorneys for Plaintiffs

---

[1] As this Court recognized in its Order of October 8, 2014, it is questionable whether the case law Eby has cited is current precedent in California and whether it is applicable here. Order 3 (Oct. 8, 2014).