UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGINA R DUGGS, et al.,<br><br>  Plaintiffs,<br><br>    v.<br><br>JAMES EARL EBY,<br><br>  Defendant. | Case No. 14-cv-03734-RS<br><br>**ORDER DENYING MOTION TO DISMISS AND CONTINUING CASE MANAGEMENT CONFERENCE** |

   Plaintiff Georgina Duggs brings this action both in her individual capacity and as the trustee of the Edward & Georgina Living Trust ("the Trust'). Georgina also appears in her capacity as the "natural guardian" of her minor children co-plaintiffs, Zane and Gemma. The Trust was formerly the named beneficiary of a $1.5 million dollar life insurance policy issued by MetLife Investors USA Insurance to Edward L. Duggs, Jr., who was Georgina's husband and the father of Zane and Gemma. Prior to Edward's death in December of 2013, however, he had changed the beneficiary on the MetLife policy to be defendant James Earl Eby, a longtime friend. Edward and Eby had also entered into a written contract whereby Eby purchased the MetLife policy for the sum of $250,000, with an initial payment of $50,000 and the balance payable over time or upon Edward's death. At the time, Edward was suffering from terminal cancer, and had a life expectancy of 6 months to 2.5 years.

   When Edward died a few months later, MetLife paid out the $1.5 million policy benefit to Eby. As required by his contract with Edward, Eby paid the remaining $200,000 balance of the

purchase price into a new trust, to which Zane and Gemma, but not Georgina, are beneficiaries.  In this suit, Georgina seeks to establish that the transactions through which Eby became the beneficiary of the MetLife policy were wrongful, and thereby to recover for the Trust (and therefore for herself, Zane, and Gemma, as beneficiaries of the Trust) the $125,000 in death benefits retained by Eby.

At the outset of this litigation, the parties stipulated to an order temporarily restraining Eby from disposing of the insurance proceeds in dispute.  Plaintiffs' subsequent application for a preliminary injunction, however, was denied on grounds that they had not met their burden to show a likelihood of irreparable injury, and the restraining order was lifted.

Eby now moves to dismiss the complaint, arguing that (1) plaintiffs lack standing, (2) plaintiffs' claims resting on alleged violations of the California Insurance Code sections governing "life settlement contracts" fail because the transactions between Eby and Edward fall outside those provisions, and (3) plaintiffs' common law fraud claims "fail on the merits."  The first two arguments were addressed and rejected in the order denying the application for a preliminary injunction.  Although that order specifically noted that its conclusions were reached in the context of weighing entitlement to preliminary relief, Eby has pointed to no reason that the legal analysis of those particular issues would differ when evaluating this motion to dismiss.  Accordingly, dismissal for lack of standing or based on the purported inapplicability of the California Insurance Code is not warranted.

Eby's challenge to the allegations of common law fraud rests in part on his insistence that the contract he formed with Edward was not a regulated "life settlement contract."  Eby also argues that at least some of the alleged misrepresentations were not made to any of the plaintiffs, but to Edward.  Whether or not all of the alleged misrepresentations are actionable strictly under the label of common law fraud, however, Eby has not shown a basis for dismissing any of the counts pleaded in the complaint for failure to state a claim on the merits.   Likewise, Eby's passing reference to the specificity standard for pleading fraud under Rule 9(b) does not support dismissal.  Plaintiffs have adequately described the circumstances they contend amount to fraud, including

ORDER DENYING MOTION TO DISMISS
CASE NO. 14-cv-03734-RS
2

the "who, what, where, when, and how" of the charged misconduct. See *Vess v. Ciba–Geigy Corp. U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003).

The motion to dismiss is therefore denied. Plaintiffs' motion for leave to file a surreply is granted, and the proposed surreply they submitted is hereby deemed filed, although it does not materially affect the analysis or the conclusions of this order. The Case Management Conference is hereby continued to February 19, 2015, at 10:00 a.m., with a joint Case Management Statement to be filed one week in advance.

**IT IS SO ORDERED**.

Dated: February 6, 2015

RICHARD SEEBORG
United States District Judge